### UNITED STATES v. PARKS.

#### (Circuit Court, D. Colorado. March 21, 1899.)

#### No. 3,824.

1. DISBARMENT PROCEEDINGS—SUFFICIENCY OF PETITION.
   While proceedings in a federal court for the disbarment of attorneys are subject to judicial regulation, to the end that they shall be conducted without oppression or unfairness, there is no established, formal procedure, and a petition for disbarment is sufficient which states sufficient facts to advise the respondent of the nature of the charge against him.

2. SAME—GROUNDS FOR DISBARMENT—LIMITATION OF CRIMINAL PROSECUTION.
   A court is warranted in disbarring an attorney for acts showing moral turpitude or unprofessional conduct, and whether or not such acts constitute crimes under a statute is not of controlling importance; hence, if the act charged constitutes a crime, neither the fact that the respondent has not been convicted thereof, nor that a prosecution is barred by limitation, is a defense to proceedings for disbarment.

This is a proceeding for the disbarment of defendant as an attorney. Heard on motions and demurrer attacking the sufficiency of the petition.

Ralph W. Smith, for the United States.
E. C. Miles, for defendant.

HALLETT, District Judge (orally). This is a petition to disbar. In the first count the respondent is charged with entering into an agreement, in the month of April, 1891, with certain officers of the county of Lake, by which he was to have judgment against the county of Lake for the sum of $60,000 upon a false claim for compensation for legal services rendered by him to the county, as an attorney at law, in respect to certain suits which had been theretofore prosecuted against the county, and that, upon the entry of such judgment, bonds were issued by the county in satisfaction of the judgment, to the amount of the judgment. Of these bonds, the officers who had concurred in the scheme for allowing the judgment against the county received one-half. In the second count it is alleged that the county of Lake, in the month of November, 1895, brought suit in the district court of Lake county to set aside and vacate the judgment

for $60,000, obtained by the respondent, as related in the first count, and obtained an injunction against the transference of the bonds then held by the respondent, and that the respondent did, nevertheless, transfer the bonds, in defiance of the injunction, and with a view to defraud the county of the amount specified in the bonds. In the third count it is alleged that certain suits were brought, in the years intervening between 1882 and 1889, against the county, upon interest coupons attached to bonds which had been issued by the county, and that respondent was employed as attorney and counselor by the county in those suits, and thereafter he represented that he had succeeded in the defense made by him in behalf of the county, and had defeated the plaintiffs in those actions in respect to the matters in which they sought to recover; that since that time he has abandoned the service of the county, and taken up with the owners of the bonds, accepted employment from them, and is now engaged in prosecuting suits against the county in respect to the same matters which he had formerly defended for the county. Objection is made to the petition by motion to strike out some parts as irrelevant and impertinent, and also by a motion to make some of the counts more definite and certain in respect to matters which are charged in them, and also (to the first count of the petition as amended) by demurrer, upon grounds which will be stated a little further on.

In respect to the motion to strike out parts of the petition, and the motion to make it more definite and certain in some parts, they will be overruled, upon the ground that the matters alleged are sufficiently stated to give notice to the respondent of the charges against him. In Randall v. Brigham, 7 Wall. 540, the supreme court says:

"It is not necessary that proceedings against attorneys for malpractice, or any unprofessional conduct, should be founded upon formal allegations against them. Such proceedings are often instituted upon information developed in the progress of a cause, or from what the court learns of the conduct of the attorney from its own observation. Sometimes they are moved by third parties upon affidavit, and sometimes they are taken by the court upon its own motion. All that is requisite to their validity is that, when not taken for matters occurring in open court, in the presence of the judges, notice should be given to the attorney of the charges made, and opportunity afforded him for explanation and defense. The manner in which the proceeding shall be conducted, so that it be without oppression or unfairness, is a matter of judicial regulation."

In this instance the proceeding was begun upon a letter written to some one by the injured party. The court, having come into possession of the letter, after some inquiry by the grand jury, which inquiry was begun upon the same letter, notified the attorney that on a certain day inquiry would be made as to his conduct in the premises; and upon that inquiry, so begun, the attorney was disbarred. So, in Ex parte Wall, 107 U. S. 265, 2 Sup. Ct. 569, the proceeding against the attorney was upon an order entered by the court upon information received from parties in attendance on the court of the conduct of the attorney in participating in a lynching just outside of the court room. The charge in the present instance is quite as specific as it was in Ex parte Wall and in Randall v. Brigham. Numerous cases have been

decided to the same effect. In the judgment of the court, the relator has sufficiently stated the facts to apprise the respondent of the nature of the charge against him, and no more can be demanded.

The demurrer to the first count in the petition as amended is put upon the ground, apparently, that the matter charged in that count is a crime under a law of the state of Colorado, and that it was at the beginning of this proceeding barred by a statute of limitation of the state. It is alleged in the petition that the offense, which is bribery, was committed on April 1, 1891, and this petition was filed in December, 1898. It is also contended that, if the case be regarded as not within the statute of limitations, there still must be a conviction, or must have been a conviction, of the crime, before there can be any proceeding to disbar based upon it. In respect to the statute of limitations it has been decided in several cases that it has no application in a case of this kind. One of the cases is In re Lowenthal, 78 Cal. 428, 21 Pac. 7; another, Ex parte Tyler, 107 Cal. 78, 40 Pac. 33. And as to the objection that no proceeding can be had until there has been a conviction of the offense under the statute, the case of Ex parte Wall, 107 U. S. 265, 2 Sup. Ct. 569, is a sufficient answer.

Respondent quotes largely, in support of his position, from the dissenting opinion of Mr. Justice Field in that case. Quotation would be apt, if it had been found in the opinion of the court, rather than in the opinion of a dissenting judge. The case itself is full authority to the point that no conviction is necessary where the misconduct alleged amounts to the commission of a crime. In that case the charge against the accused was of homicide, and it would seem that, if in any case the rule be that a conviction of the crime must first be had, it would have been applicable in that case. There are cases in which it has been held that, if the offense be committed by the attorney in some matter not connected with his office as an attorney, there must be a conviction of the crime before prosecution to disbar. Those authorities are not recognized by the supreme court in Ex parte Wall. And this must be the correct rule, as any one may learn from a consideration of the ground upon which a proceeding to disbar proceeds. The matter alleged against an attorney in disbarment proceedings may or may not be a crime under the law. It may be an act of unfaithfulness to his client, or misconduct in court, which is not punishable by any statute, state or federal; or it may be, as in this instance, an act which is forbidden by a law of the state. The circumstance that it is or is not forbidden by any statute of the state is of no controlling importance. An attorney at law must be of good moral character. In this court he must make oath to demean himself uprightly and according to law. In any proceeding to disbar, the question is as to his conduct as an attorney, and, if he be found delinquent in that respect, if his conduct shows moral turpitude, then he may be disbarred, whether the offense be one which is forbidden by the criminal law or not.

And so, as to the statute of limitations, it may be true, as said by the California court, that the court will not encourage stale charges,— those which, by their age, have passed from the memory of men,— especially in a case where the conduct of the attorney has been ex-

emplary in recent times. But, of the matters alleged in this petition, it is charged that some of them are still pending. The suits which it is charged have been unlawfully induced and promoted by the respondent are still pending, in this court and in other courts of this jurisdiction. And it is also alleged that the county is still seeking to set aside and annul the bonds which are charged in the petition to have been fraudulently obtained by the respondent. So that, upon all grounds, I find nothing in the demurrer or in the motions which can prevail against the charges.

The motions and the demurrer will be overruled, and the respondent will be required to answer the petition within 30 days from this day.