[No. 6759. Decided September 5, 1907.]

THE STATE OF WASHINGTON, *on the Relation of Ed. E. Hardin et al., Respondents,* v. E. J. GROVER, *Appellant.*[1]

ATTORNEY AND CLIENT — DISBARMENT — JURISDICTION — GROUNDS. The state courts have jurisdiction to disbar an attorney for the solicitation of money for the purpose of bribing a referee in bankruptcy, appointed by the United States court, as it directly involves the attorney's integrity and professional conduct, and it is immaterial in what court the act was committed.

SAME—TRIAL—FINDINGS—SEPARATION. In proceedings in disbarment of an attorney founded on two distinct charges, findings stated as if the charge contained but one specification are sufficient, as the law does not require findings to be separated as to distinct causes of action.

[1]Reported in 91 Pac. 564.

Appeal from a judgment of the superior·court for Whatcom county, Frater, J., entered April 18, 1907, disbarring an attorney from practicing for a term of two years, after a trial on the merits. Affirmed.

*Healy & Slentz* and *McCafferty, Bell & Godfrey,* for appellant.

*Ed. E. Hardin, H. M. White,* and *Lin H. Hadley,* for respondents.

PER CURIAM.—This is a proceeding in disbarment brought against E. J. Grover, a practicing attorney of this state, by the respondents, who are also practicing attorneys of this state and members and representatives of the Whatcom County Bar Association. Specific charges of unprofessional conduct were made in writing, filed in the superior court, and a citation issued to the appellant requiring him to appear and show cause, on a day named therein, why he should not be disbarred from further practice as an attorney at law. The appellant appeared, and put in issue·the allegations of misconduct charged against him, and also set up new matter by way of an affirmative defense. A reply was filed denying the new matter alleged, and on the issues thus made, a trial was had, resulting in a judgment disbarring the appellant from practicing his profession for a term of two years. This appeal is from that judgment.

The appellant first assigns error on the ruling of the court refusing to dismiss the proceeding for want of jurisdiction. This assignment is based on the fact that the acts of misconduct charged against the respondent related to his conduct with reference to certain claims against a bankrupt, whose estate was then pending before a referee in bankruptcy appointed by the district court of the United States for the Western District of Washington; the charges being that the appellant had solicited and collected money from his clients under the pretense that the same was needed for the purpose

of bribing the referee in order to induce him to render a fav-
orable decision on the client's claim. It is argued that this is
in the nature of a contempt to the referee in bankruptcy, and
consequently the only court authorized to punish the offense
was the district court of the United States by which the
referee in bankruptcy was appointed.

But this contention mistakes the nature of the offense. The
offense committed by the appellant was not a contempt com-
mitted before the referee in bankruptcy. It was in the nature
of a substantive offense, directly involving his integrity and
professional honor and his fitness to practice as an attorney
at law. Any court, the bar of which the delinquent is a mem-
ber, has jurisdiction to disbar for unprofessional conduct,
when and wherever committed, whether the unprofessional
conduct relates to matters occurring in court or to a purely
private and personal transaction between the attorney and his
client, and the superior court in this instance had jurisdiction.

The petition for disbarment contained two distinct charges
or specifications. In making its findings the trial court did
not make these the subject of distinct findings, but found the
facts as if the charge contained but one specification, number-
ing the findings seriatum from 1 to 14. It is argued that this
is fatal to the validity of the judgment, as the findings on the
different specifications should have been separate, distinct, and
independent, inasmuch as the charges were separate, distinct
and independent. But there is no rule of law or practice that
requires the findings to be different than they were made by
the court. The code, of course, requires different causes of
action, when united in one complaint, to be separately stated.
[Bal. Code, § 4942 (P. C. § 412)], but there is no such re-
quirement with reference to findings of fact. These are suf-
ficient when given in writing and separately stated from the
conclusions of law [Id § 5029 (P. C. § 645)], and this lat-
ter requirement was complied with by the trial court.

Finally, it is contended that the evidence does not justify
the findings of fact. But while a large space in both briefs

is devoted to an argument of this question, we do not feel that a discussion of it here would serve any useful purpose. We have already indicated the nature of the charges, and it is sufficient to say that a careful examination of the testimony convinces us they were substantially proven. The judgment appealed from must be affirmed, and it is so ordered.