(169 App. Div. 632)

## In re SIMPKINS.

(Supreme Court, Appellate Division, First Department. November 5, 1915.)

1. ATTORNEY AND CLIENT ⊂⇒44—DISBARMENT—UNAUTHORIZED SETTLEMENT AND CONVERSION OF MONEY.

An attorney, retained to collect a judgment, who accepted a sum less than the amount of the judgment, without authority thereto, and whose client refused to accept it, and who gave to the judgment debtor a worthless assignment of the judgment, which could be of no value unless his client or her attorney in fact ratified it, and deposited such money in his own bank account, and drew it out and used it for his own purposes, without taking any effective action to return it to whoever might be entitled to it, in view of his untruthful and evasive testimony before the referee, was unfit to remain a member of the bar, and should be disbarred.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 55, 56, 62; Dec. Dig. ⊂⇒44.]

2. ATTORNEY AND CLIENT ⊂⇒46—DISBARMENT—LIMITATIONS.

There is no statute of limitations preventing the court from taking cognizance of unprofessional conduct on the part of an attorney in a proceeding to disbar.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 71; Dec. Dig. ⊂⇒46.]

In the matter of Charles S. Simpkins. Application for disbarment on report of official referee upon charges against respondent, an attorney and counselor at law, for professional misconduct. Respondent disbarred.

See, also, 155 App. Div. 937, 140 N. Y. Supp. 1145.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Einar Chrystie, of New York City (George T. Hoar, of New York City, of counsel), for petitioner.

Cornelius O'Connor, of New York City, for respondent.

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

PER CURIAM. The charges against the respondent were preferred by the Association of the Bar of the City of New York and referred to an official referee, who has reported that the charges have been sustained.

Briefly stated, these charges are, first, that the respondent settled a judgment without authority and against the expressed wishes of his clients, and on terms to which they refused to agree; and, second, that he converted to his own use $1,500, which he had received in settlement of the judgment, and which his clients refused to accept.

In the month of November, 1901, Clara M. Clinton recovered a judgment in Erie county against Charles W. White for the sum of $5,602.72. This judgment was docketed in New York county and proceedings supplementary to execution instituted thereon. In or about the month of September respondent was retained by a Mr. Becker, member of the law firm of Roberts, Becker, Messer & Groat, the attorneys of record for Mrs. Clinton. This retainer was in writing, and employed respondent to undertake the collection of the judgment, respondent to receive 30 per cent. of all moneys and property collected on account of the judgment and costs. This percentage was to cover all charges and disbursements, and it was specifically provided that no settlement for less than the full amount of the judgment should be made without the consent of the judgment creditor or her attorneys.

At the time of this retainer, and on one or more occasions thereafter, Mr. Becker informed respondent that one Henry R. Micks, a relative of Mrs. Clinton, was empowered to act in this particular matter as her attorney in fact, and that no settlement could or should be made without his approval or consent. The documentary evidence in the case shows clearly that respondent thoroughly understood the authority of Mr. Micks.

In March, 1903, the respondent settled this judgment and received the sum of $1,500 in cash, giving in return therefor an assignment of the judgment, executed by Henry R. Micks, as attorney in fact, for Mrs. Clinton. This assignment, with an expressed consideration of $1, had been sent by Mr. Micks to respondent, with a letter in which it was expressly stated that it was to be used only in case of a settlement for not less than $2,000.

Thereafter respondent sent to his client's attorneys a check for the sum of $1,050, which Mr. Micks promptly refused to accept, insisting that the settlement was unauthorized, and respondent was advised by Mr. Becker that they would hold the check until the assignment of the judgment was returned. It was never returned, the check was never presented for payment, and ultimately the money was appropriated by respondent to his own purposes.

The original power of attorney held by Mr. Micks was not attached to the assignment and was not filed. Consequently the assignment could never be recorded, and the judgment against White still stands of record unsatisfied. Up to this point there is no dispute as to the facts. The real dispute is as to respondent's authority to make a settlement for $1,500. Upon this question a great deal of evidence was

introduced, much of it wholly irrelevant, and a great deal of specious argument has been urged by respondent's counsel.

The very careful and experienced official referee to whom the matter was referred has collated and examined all the evidence bearing upon the subject with evident care, and has demonstrated to our entire satisfaction, not only that respondent was never authorized to settle the judgment for the sum which he accepted, but that he knew perfectly well when he made the settlement that he was acting without authority. Unhappily, in arriving at this conclusion, he has been obliged to convict the respondent of willful false testimony, which seems to be clearly established.

[1] The situation in which the respondent thus found himself was that he had in his hands the sum of $1,500, which he had accepted without authority, and which his client had refused to accept, in return for which he had given to the judgment debtor a worthless assignment of the judgment, which never could be of any value, unless his client or her attorney saw fit to ratify it. This money was received by respondent and deposited in his own bank account on March 27, 1903. This money he drew out of the bank from time to time, and used for his own purposes, and so far as appears never took any effective action to return it to whosoever was entitled to it. On December 7, 1909, the account was entirely closed. That he converted the money is entirely clear, and is, in effect, conceded by his counsel, who says in his brief:

"If he made the settlement under circumstances in which he cannot justify the contention that it was settled with authority, then it cannot be denied but that he converted the money of White, so the sole question involved in this proceeding is that of the authority of Mr. Simpkins to settle the judgment in question."

As has already been said, the official referee has demonstrated by his review and analysis of the evidence that the judgment was settled without authority. That fact having been found, the respondent stands convicted of both charges against him.

[2] The plea is made in his behalf that, because so much time has elapsed since he committed the acts complained of that an action at law would be barred by the statute of limitations, a prosecution of this nature should also be held to be barred. There is no merit in this contention. There is no statute of limitations which prevents the court from taking cognizance of unprofessional conduct on the part of attorneys. There may be cases in which a charge is so long delayed as to impugn the good faith with which it is made, and as to which a belated investigation might not produce a just result. There is nothing of that sort here. It seems clear that the respondent, finding himself in possession of a sum of money to which he had no claim, was content to hold it and wait until the statute of limitations had run, and then, by some strange perversion of morals, elected to treat it as his own, because no one could successfully sue for it.

The case presents a very deliberate conversion of funds, and the offense is aggravated by the untruthful and evasive testimony given before the official referee.

The respondent is evidently unfit to remain a member of the bar, and is accordingly disbarred. Settle order on notice.