## 6731.  CURTIS *v.* MACON RAILWAY & LIGHT COMPANY.

RUSSELL, C. J. It being sharply in issue as to whether the plaintiff's damages were caused by the defendant's negligence, or by his own contributory negligence growing out of his alleged (but denied) drunkenness and recklessness, it was error for the court to admit, over objection, evidence that the plaintiff was tried and convicted in the police court for being drunk and for reckless driving at the time of the injury.

*Judgment reversed. Broyles, J., dissents.*

DECIDED MAY 24, 1916.

Action for damages; from municipal court of Macon—Judge Chambers. June 12, 1915.

*Napier, Maynard & Plunkett,* for plaintiff.

*Ellis & Glawson,* contra.

BROYLES, J., dissenting. I think that the plaintiff's testimony on cross-examination, that on the morning after the injury he was convicted in the police court for drunkenness and reckless driving, was admissible, especially since he had just stated in his testimony that he was not drunk when the accident occurred. The fact that he had been so convicted was, in my opinion, a fact that should

have been considered by the jury along with all of the other evidence, there being no objection that there was higher or better evidence of the fact of his conviction.