In the Matter of JACOB STEIN, an Attorney, Respondent.

Second Department, December 9, 1921.

Attorney and client — disbarment — attorney convicted in New Jersey of assault with intent to carnally abuse woman child under age of sixteen, characterized there as "high misdemeanor," disbarred on ground that he had been convicted of felony within Judiciary Law, § 477, and name stricken from roll under Judiciary Law, § 88, subd. 3.

An attorney should be disbarred under section 477 of the Judiciary Law and his name stricken from the roll of attorneys under subdivision 3 of section 88 thereof on the ground that he has been convicted of a felony, where it appears that he was convicted in New Jersey of the crime of assault with intent to carnally abuse a woman child under the age of sixteen, characterized there as a "high misdemeanor" and punishable by a fine of not exceeding $3,000, or by imprisonment at hard labor for not exceeding twelve years, or both.

DISCIPLINARY proceedings instituted by the Association of the Bar.

*Mortimer W. Byers,* for the motion.

*Henry F. Cochrane,* opposed.

Per Curiam:

We think the motion for disbarment should be granted. It is made under section 477 of the Judiciary Law. The attorney Stein has been convicted in New Jersey of the crime of assault with intent to carnally abuse a woman child under the age of sixteen. This crime is described as a " high misdemeanor " and is similar to our crime of rape in the second degree in this State (Penal Law, § 2010), except that the age of consent under our statute is eighteen. The crime under the New Jersey statute is, therefore, more reprehensible. The attorney files an affidavit in which he gives a detailed statement of what he claims are the facts, and claims that he is innocent. We are, however, of the opinion that that issue has been tried and decided against him and cannot be tried again. Further than that, the statute (Judiciary Law, § 477) does not direct the disbarment of attorneys who shall be guilty of felonies, but of attorneys who shall be convicted of felonies. So our sole inquiry is, has this attorney been convicted of a felony? This matter has been pending since June 1, 1921, and the respondent's attorney, a very thorough, industrious lawyer, has produced nothing, neither a decision nor statute, to show this crime is not a felony. He declined the offer of further time. So we feel assured there is nothing to indicate that this is a misdemeanor as known to our law. In the New Jersey law under which the conviction was had, the crime in question is classed with other crimes which, under our laws, are clearly felonies, such as assault with intent to kill, commit burglary, rape, robbery or sodomy. (See Penal Law, §§ 2, 240 *et seq.,* 400 *et seq.,* 690, 2010, 2120 *et seq.,* 2181–2183.) The punishment is also indicative of the character of the crime: " fine not exceeding three thousand dollars, or by imprisonment at hard labor not exceeding twelve years, or both." (See N. J. Laws of 1898, chap. 235, § 113, as amd. by N. J. Laws of 1906, chap. 225; 2 Comp. Stat. N. J. 1782, § 113.) A similar crime is a felony under our laws. (See Penal Law, §§ 2, 2010, 2181–2183.) Clearly there is no question of fact to refer to an

official referee.   The question of law is equally clear in favor of the applicant.   The motion should be granted, and the name of Jacob Stein stricken from the roll of attorneys.   (Judiciary Law, § 88, subd. 3.)

BLACKMAR, P. J., RICH, KELLY, JAYCOX and MANNING, JJ.. concur.

Motion granted, and the name of the respondent stricken from the roll of attorneys.