Stone, Appellant, *v.* Board of Governance of the
Pennsylvania Bar.

Submitted May 2, 1933.   Before FRAZER, C. J., SIMP-
SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Ben L. Stone,* for appellant.

*John Hampton Barnes,* for Board of Governance.

PER CURIAM, September 25, 1933:

The respondent appeals from the recommendation of the Board of Governance approving that of the hearing masters that an order of disbarment be entered against him. The proceeding was initiated by Jacob Klensin against whom we have entered an order of disbarment simultaneous herewith [the preceding case].

We think no good purpose would be served by elaborately setting forth details of respondent's misconduct upon which the recommendations rest. There was evidence before the hearing masters which warranted the conclusions to which they came. These conclusions are that the respondent committed an act of larceny in removing merchandise, without the consent of the owner, from a store upon which a distress for rent had been levied. He fraudulently altered the amount of a note made to him. He wilfully and deliberately removed and concealed an automobile which he knew was under levy, for the purpose of preventing its sale by a duly authorized officer of the law. In one case he suborned the perjury of a client and of the latter's daughter and attempted to perpetrate a fraud upon the court. In another he suborned the perjury of a client and thereby actually did perpetrate a fraud on the court. He sent an anonymous letter through the United States mails containing vulgar, obscene and scandalous matter, thereby committing an unethical and immoral act. He received $150 from a woman who paid it to him so that he might try to rent a house for her to be used as a bawdyhouse. He ad-

mitted receiving the money for that purpose. In the answer filed by him he denied that he had done so and also denied a statement made by him before the Board of Censors of the Lackawanna Bar Association, where the matter was investigated. Before the hearing masters he admitted that the statements made by him were not true. The hearing masters say of him that he is a disgrace to the legal profession.

Before us he argued that as some of the charges made against him and which the hearing masters acted upon were crimes, he should not be disbarred because of these charges until after his trial and conviction. He cites to us Snyder's Case, 301 Pa. 276; Ex parte Steinman & Hensel, 95 Pa. 220. In the Snyder Case, we said (page 286) : "In the ordinary case an attorney's name will not be stricken from the rolls on account of an indictable offense until it has been disposed of in the criminal court." The respondent's is not an ordinary case. In Barach's Case, 279 Pa. 89, we made an order of disbarment, although there had been an acquittal. Since the creation of the Board of Governance, which is the instrumentality of the Bar to discipline itself, sanctioned and approved by us, the rule requiring prior convictions where the charge is criminal has no reason for existence. Especially is this so in a case, like the present one, in which no indictments are pending, and where the offenses are committed within the attorney's professional employment. The correct rule under conditions as they now exist is that made by the Supreme Court of the United States in Ex parte Wall, 107 U. S. 265, 288, where it is said: "The provisions of the Constitution, which declare that no person shall be held to answer for a capital or otherwise infamous crime, unless on a presentment or indictment of a grand jury, and that the trial of all crimes, except in cases of impeachment, shall be by jury, have no relation to the subject in hand. ...... The constitutional privilege of trial by jury for crimes does not apply to prevent the courts from punishing its officers for contempt, or from removing them

in proper cases. Removal from office for an indictable offense is no bar to an indictment. The proceeding is in its nature civil, and collateral to any criminal prosecution by indictment. The proceeding is not for the purpose of punishment, but for the purpose of preserving the courts of justice from the official ministration of persons unfit to practice in them." "It is not the law that a court cannot strike from its roll the name of an attorney who has committed an indictable offense in his office of attorney, while an indictment therefor is pending against him. The argument in support of this proposition overlooks the fact that proceedings of disbarment and by indictment are essentially different in their nature and purposes. A summary proceeding to disbar is limited to professional misconduct; it may be instituted in any court of record, by rule, motion, or petition; and it is to be disposed of by the court. Prosecution for a crime must be in a court of criminal jurisdiction, and be disposed of by the court and a jury upon indictment. Disbarment is for the purpose of protecting the courts and the public from an attorney whose conduct has shown him to be unworthy of confidence; but no criminal sentence can be imposed in such a proceeding. A prosecution by indictment is for the purpose of punishing the guilty, and by example deterring others from committing crime; but disbarment can be no part of the sentence. Furthermore, many causes for disbarment are not indictable, or otherwise within the jurisdiction of the criminal courts. Differing in purpose and effect, proceedings in one are in no wise dependent on proceedings in the other. ...... The suspension or disbarment of an attorney is, like his admission, a judicial act, based upon due inquiry into his fitness for the office": In re Shoemaker, 2 Pa. Superior Ct. 27, 37.

The recommendation of the hearing masters and the Board of Governance is approved, the respondent is disbarred and it is ordered that his name be stricken from the roll of attorneys. The respondent shall pay the costs.