26281.   WILLIFORD *v*. THE STATE.

DECIDED NOVEMBER 26, 1937.  REHEARING DENIED DECEMBER 15, 1937.

*R. B. Giles, Ben C. Williford, J. C. Bowden,* for plaintiff in error.
*John A. Boykin, solicitor-general, J. W. LeCraw, E. A. Stephens,*
contra.

MACINTYRE, J.   On April 17, 1935, the solicitor-general of the
Atlanta judicial circuit, in behalf of the State of Georgia, instituted
a disbarment proceeding against B. C. Williford.  As grounds for
disbarment the petition set forth that the defendant was indicted
by the grand jury of Tift County, on December 7, 1921, in two
counts, each charging a separate and distinct felony, to wit, (1)
forgery of a deed, and (2) uttering said forged deed with intent
to defraud; that the defendant was found guilty, the jury fixing
his punishment at not less than four nor more than five years
on each count, but recommending that he be punished as for a
misdemeanor; that the trial judge thereupon sentenced him to the
penitentiary for not less than four nor more than five years
on each count, the sentence on count 2 to begin at the expiration
of the sentence on count 1; that on December 24, 1921, said sen-
tences were amended by the judge imposing a fine of $1000, or
in lieu thereof service of twelve months on the county chain
gang, on each count; that, on information and belief, the fines
of $2000 were paid; that the defendant has been guilty of wilful
misconduct in his profession in the following particulars:   (1)
In 1929, he was entrusted by J. W. Davis with a mortgage made

by W. R. Gurthie and payable to J. W. Davis for the purpose of collecting the same, and he did thereafter collect and convert $109 to his own use, to the injury and without the consent of J. W. Davis, for which offense the grand jury of Atkinson County, Georgia, returned a true bill against the defendant at the October adjourned term of the superior court, which indictment is pending in the superior court of Atkinson County. (2) In 1929, the defendant, being attorney of record for J. M. Giddens against E. P. Rouse and the Atlantic Coast Line Railroad Company, garnishee, the same being a certiorari from a justice's court, was entrusted by J. M. Giddens with $5 for the purpose of paying the court costs in said certiorari proceeding, and, after having been so entrusted, did wrongfully, fraudulently, and feloniously convert said sum of money to his own use, and failed and refused to return the same to J. M. Giddens; and that for such offense the grand jury of Atkinson County returned a true bill against the defendant which indictment is still pending in the superior court of said county. The prayers were that the defendant be forever disbarred from the practice of law; and for an order restraining him from the practice of law until final termination of the disbarment proceeding.

The defendant filed pleadings as follows: (1) Demurrer; (2) plea and answer; (3) plea to the jurisdiction; (4) plea of res judicata; all filed on May 5, 1935. (5) Amendment to plea and answer, filed after a motion by the plaintiff to dismiss the defendant's original plea and answer; (6) amendment to the plea to the jurisdiction; (7) amendment to plea of res judicata; (8) motion to dismiss the disbarment petition; (9) another motion to dismiss the disbarment petition; all filed on July 30, 1935. (10) A motion to dismiss the plaintiff's motion to dismiss the defendant's original plea and answer, above mentioned, filed on August 1, 1935. (11) Another amendment to the original plea and answer; (12) another amendment to the plea to the jurisdiction; both filed on August 3, 1935. (13) An amendment to the demurrer; (14) an amended motion to dismiss the disbarment petition; both filed on December 2, 1935. (15) Another amendment of the motion to dismiss the disbarment petition, filed on June 22, 1936. On October 10, 1936, the plaintiff filed a motion to suspend the defendant until final determination of the

issues in the suit for disbarment, reciting that subsequently to the filing of the disbarment suit the defendant was indicted by the grand jury of Fulton County for the offense of perjury alleged to have been committed in several of his pleadings to the disbarment proceeding, above outlined, on which indictment he was tried, convicted, and sentenced to a term in the penitentiary. To this motion the defendant filed a demurrer and a plea and answer. On October 20, 1936, the court overruled the defendant's demurrers, the plea of res judicata and motions to dismiss the disbarment petition, and passed the following order: "The motion to suspend Ben C. Williford from the right to practice law in the State of Georgia, pending the final determination of a motion to disbar him from practicing law, having been set for a hearing October 16, 1936, and it appearing from the evidence and argument had that the said Ben C. Williford has heretofore been convicted of offenses involving moral turpitude; it is therefore ordered that the said Ben C. Williford be and he is hereby suspended from the right to practice law in the courts of the State of Georgia, until a final disposition of the proceeding to disbar him and until further order of the court, except that the said Ben C. Williford shall be allowed to appear before the judge in any case which has been tried before a jury and which is now pending on motion, in order that he may complete any case tried by him and which has not been finally terminated, and in which he is sole counsel." Exceptions are taken to the above rulings and the order suspending the defendant from the practice of law until the final determination of the issues in the disbarment proceeding.

■ The special demurrers to the petition were properly overruled. The facts alleged as a cause for removing the defendant as an attorney were stated with certainty and particularity, and were sufficient to apprise him of the nature of the charges. No formal pleading is necessary in a suit to disbar an attorney.

■ Under the Code, § 9-501, if an attorney be convicted of a crime involving moral turpitude, he is as a matter of law unfit to remain a member of the legal profession and practice before the courts of this State; and upon a proceeding brought therefor, the court should enter a judgment to that effect. A certified copy of the conviction is conclusive evidence against him both as to the fact of his conviction and his guilt of the crime charged.

Code, § 9-501; *Lewis* v. *State Board of Medical Examiners*, 23 *Ga. App.* 647 (99 S. E. 147); In re Kerl, 32 Idaho, 737 (188 Pac. 40); In re Hughes, 188 App. Div. 520 (177 N. Y. Supp. 234); In re Stein, 199 App. Div. 673 (191 N. Y. Supp. 419). The fact that the record shows that the judge reduced the sentence on condition that the defendant dismiss his motion for new trial, which was actually done, does not effect a setting aside of the conviction; and what the parties and the judge thought of his actual guilt or the motives prompting the prosecution is of little or no importance. Fourteen years elapsed between the conviction of the defendant and the institution of the present proceeding. The defendant earnestly contends that because of this long lapse of time the charge is stale, and should be held to be no cause for his disbarment. In this State there is no statute of limitations which by any construction could be made applicable to a disbarment proceeding. *Wood* v. *State*, 45 *Ga. App.* 783 (165 S. E. 908). See also In re Leonard, 127 App. Div. 493 (111 N. Y. Supp. 905); State Bar Commission ex rel. Williams *v.* Sullivan, 35 Okla. 745 (131 Pac. 703, L. R. A. 1915D, 1218); In re Simpkins, 169 App. Div. 632 (155 N. Y. Supp. 521); State *v.* Jennings, 161 S. C. 263 (159 S. E. 627); State ex rel. Grievance Com. *v.* Woerndle, 109 Ore. 461 (220 Pac. 744); In re Bailey, 30 Ariz. 407 (248 Pac. 29); In re Mix, 249 App. Div. 442 (292 N. Y. Supp. 502). It has many times been held that though the acts charged against an attorney as cause for disbarment may constitute a crime, and that a prosecution for such crime is barred by the statute of limitations, this is no defense to the disbarment proceeding. U. S. *v.* Parks, 93 Fed. 414; Ex parte Tyler, 107 Cal. 78 (40 Pac. 33); People *v.* Hooper, 218 Ill. 313; In re Smith, 73 Kan. 743 (85 Pac. 584); In re Weed, 26 Mont. 507 (68 Pac. 1115); State ex rel. Joseph *v.* Mannix, 133 Ore. 329 (288 Pac. 507). A disbarment proceeding is not the enforcement of a right by one person against another, but it is an investigation by the court into the conduct and fitness of one of its officers, for the determination of the question whether such attorney is qualified to continue as such. It matters little how the facts are brought before the court, whether by an attorney or a citizen; when once before the court it becomes a matter between the court and the attorney proceeded against, and no statute of

limitations could or should affect the court's right to determine the issue thus presented to it. It is. true that "the law does not favor informations against attorneys at law after the lapse of a great length of time from the commission of the acts complained of." People *v.* Noyes, 68 Ill. 151.

If, from the lapse of a considerable time and the particular circumstances of the case, it should appear that it would be unfair and unjust to the defendant to require him to answer to certain alleged misconduct, the court should forbear the investigation. People *v.* Hooper, 218 Ill. 313 (75 N. E. 896); People ex rel. Bar Asso. *v.* Sherwin, 364 Ill. 350 (4 N. E. (2d) 477). Where the petition alleges as a ground of disbarment that the defendant has been convicted of a felony involving moral turpitude, it can not be said that a great lapse of time between the conviction and the institution of the proceeding to disbar injures defendant in that it makes it more difficult for him to repel the charge. When he was indicted and tried for such offense, he was given ample opportunity to sustain his innocence. If convicted, that conviction (upon the production of a certified copy thereof) is conclusive upon him in a disbarment suit based thereon; and this is true whether the disbarment proceeding be instituted immediately thereafter or years hence; and what is said in cases where the doctrine of laches is applied, as to the lapse of time which renders it more difficult or practically impossible for the defendant to establish his defense, is not true in such a disbarment proceeding; for the judgment of his conviction has already foreclosed any defense. In re Elliott, 73 Kan. 151, a case much relied on by the defendant it was said: "While there is no statute of limitations which is technically applicable to a disbarment proceeding, yet where the alleged misconduct set forth in a charge is shown to have occurred more than thirteen years before the charge is filed in this court, and it appears that proceedings to investigate the occurrence were instituted soon thereafter and proceeded so far that an accusation was prepared and the accused made known his defense thereto, and that thereupon the district court having jurisdiction, and the members of the bar thereof, dropped further proceedings, and thereafter the judge of that court and the members of the bar recognized the accused professionally and socially, this court will not consider such charge.

It is at least stale." See also, in this connection, In re Smith, 73 Kan. 743 (supra); In re Sherin, 27 S. D. 232 (130 N. W. 761, 40 L. R. A. (N. S.) 801, Ann. Cas. 1913D, 446); Jewett *v.* Clopton, 15 Mo. App. 589; People *v.* Tanquary, 48 Colo. 122 (109 Pac. 260). As we have pointed out, we do not think these cases have any application to a case of the present character. The Code, § 9-501, requires that an attorney who has been convicted of a felony involving moral turpitude be disbarred. The lapse of time can not be held to affect the power of the court to do so. If it should appear that there had been a long lapse of time between the conviction of the defendant and the institution of the proceeding to disbar him therefor, and it should further appear to the court that the defendant had during that time practiced law, and had shown himself to be possessed of the necessary qualifications of an attorney, and had eradicated the effect of such conviction by living an exemplary life during that time, and the court should thereby be clearly satisfied of his professional fitness, his name should not be stricken from the roll of attorneys. It is not the policy of the law, nor was it the intention of the legislature by its enactments concerning disbarment of attorneys, to forever condemn or brand one convicted of a crime. In fact, the legislature by enactment authorizes the courts to reinstate an attorney so disbarred, after the lapse of a year, upon certain conditions. Code, § 9-519. If one turns from wrong to right, lives down gross errors, and for a sufficient length of time plainly demonstrates a disposition to "pursue the even tenor of his way," he should not be prohibited thereafter to pursue his professional calling.

The present petition not only sets forth the defendant's conviction of forgery, in 1921, but also alleges the commission by him of two other crimes in 1929, both committed by him in his professional capacity. These constitute additional grounds authorizing the defendant's disbarment. It has long been recognized that an attorney duly licensed to practice law is an officer of the court, "exercising a privilege or franchise to the enjoyment of which he has been admitted, not as a matter of right, but upon proof of fitness through evidence of his possession of satisfactory legal attainments and fair private character. For the manner in which this privilege or franchise is exercised he is continually

accountable to the court, and it may at any time be declared forfeited for such misconduct, whether professional or non-professional, as shows him to be an unfit or unsafe person to enjoy the privileges conferred upon him and to manage the business of others in the capacity of an attorney." In re Durant, 80 Conn. 140, 147 (67 Atl. 497). "An attorney is guilty of misconduct whenever he so acts as to be unworthy of the trust and confidence involved in his official oath, and is found wanting in the honesty and integrity which must characterize members of the bar in the performance of their professional duties." Thornton on Attorneys at Law, § 774. This may involve misconduct towards the court (*Propper* v. *Owens*, 136 *Ga.* 787, 71 S. E. 1101; *DeKrasner* v. *Boykin*, 54 *Ga. App.* 29, 186 S. E. 701; *Gibson* v. *Lee*, 51 *Ga. App.* 594, 181 S. E. 192), misconduct towards a fellow attorney (*Baker* v. *State*, 90 *Ga.* 153 (4), 15 S. E. 788; *Jones* v. *McCullough*, 138 *Ga.* 16, 74 S. E. 694), or moral delinquency showing the attorney to be unfit to exercise the privilege of practicing before the courts. *Wood* v. *State*, supra.

■ A disbarment proceeding is not intended for punishment, but to protect the courts from the official ministration of persons unfit to practice as attorneys therein. *Payne* v. *State*, 52 *Ga. App.* 425 (2) (183 S. E. 638). Therefore it is not necessary that the conduct of an attorney be criminal in order to subject him to disbarment (see Code, § 9-501, par. 3, 4), so long as the conduct illustrates his unfitness to enjoy the privileges of an attorney at law. If this be true, it follows that it is not necessary, if that conduct does amount to a criminal offense involving moral turpitude, that there be a conviction of such attorney in the criminal courts before he can be disbarred therefor; and especially is this true where the acts committed were within his professional employment. Ex parte Wall, 107 U. S. 265 (2 Sup. Ct. 569, 27 L. ed. 552); U. S. *v.* Parks, 93 Fed. 414; In re Danford, 157 Cal. 425 (108 Pac. 322); State ex rel. Fowler *v.* Finley, 30 Fla. 302 (11 So. 500); Bar Association of Boston *v.* Greenhood, 168 Mass. 169 (46 N. E. 568); In re Ebbs, 150 N. C. 44 (63 S. E. 190, 19 L. R. A. (N. S.) 892); State *v.* Winton, 11 Ore. 456 (5 Pac. 337, 50 Am. R. 486); Stone *v.* Pennsylvania Bar, 312 Pa. 576 (168 Atl. 473); In re Kenner, 178 La. 774 (152 So. 520); In re Burns, 55 Idaho, 190 (40 Pac. (2d) 105); State *v.* Fisher, 103

Neb. 736 (174 N. W. 320); People *v.* Smith, 290 Ill. 241 (124 N. W. 807). There is some authority to be found, that, where the conduct does not involve any acts of the attorney in his professional character, the disbarment proceeding should be delayed until the termination of the criminal action. The petition to disbar was not subject to any of the demurrers, and the court did not err in so holding.

■ It appears that shortly after the defendant was convicted of forgery in Tift superior court, certain parties, individually and as a committee appointed by the Tift County Bar Association, filed a petition to disbar him, setting out as cause therefor his conviction of forgery. In December, 1922, the judge of the superior court of Tift County allowed a motion to withdraw this proceeding, and passed an order dismissing it. In 1929 W. S. Wiggins filed in the superior court of Atkinson County a disbarment proceeding against the defendant, which set out as ground therefor the same acts set out in the present petition to disbar, and also other professional misconduct. On April 6, 1931, Wiggins filed a petition withdrawing and dismissing the disbarment petition, and an order dismissing it was passed. The dismissal of these proceedings does not effect a bar of the present proceeding on the theory of res judicata, or on any other theory, as urged by the defendant. Such a dismissal was not an adjudication on the merits of the proceeding and the principle of res judicata has no application. See *Justices of the Inferior Court* v. *Selman,* 6 *Ga.* 432; 9 R. C. L. 209-10. It is true that the court could, and possibly should, have refused to allow the withdrawal, and could have gone forward with the proceeding and entered a judgment of disbarment as required by the statute. However, its leniency in failing to do so can no more prevent the prosecution and investigation of the charges at this time than could the failure of the judge before whom the defendant was tried and convicted ex mero motu to have entered a judgment disbarring him. The court did not err in overruling the plea of res judicata and the motions setting up the same facts.

■ It is further contended by the defendant that a suit of this character can be dismissed and rebrought only once, and within six months, and upon the payment of all costs in the former suit. Code, §§ 3-508, 3-808. These sections have no application to a

case of this character. A disbarment proceeding is not a suit between parties in the enforcement of some cause of action. Whether it be considered of a quasi-criminal or purely civil nature, it "is not the trial of an action, either civil or criminal, but a proceeding sui generis, an investigation by the court of the conduct of its officers." In re Richards, 333 Mo. 907. Even if § 3-808 were held to apply to this character of proceeding, it would not have the effect assigned to it by counsel. There is no limitation as to the number of times a suit may be brought and dismissed, so long as the statute of limitations does not attach. This section is applicable only to save a case from the statute of limitations when it attaches pending the suit. *Rudolph* v. *Underwood*, 88 *Ga.* 664 (16 S. E. 65). "The mere dismissal, in general terms, of a suit will not, after the expiration of six months from such dismissal, operate as a bar to the bringing of a second suit by the same plaintiff against the same defendant and on the same cause of action, when the cause of action is not barred by the statute of limitations applicable thereto at the time the second suit is brought." *Hackney* v. *Asbury*, 124 *Ga.* 678 (52 S. E. 886). We have already pointed out that there is no statute of limitations applicable to a proceeding to disbar an attorney.

■ It appears from the allegations of the petition to disbar that all of the acts set out as grounds of disbarment occurred out of the County of Fulton. A motion to dismiss the petition was made on the ground that in such a case the superior court of Fulton County would have no jurisdiction. The Code, § 9-501, provides that a disbarment proceeding may be prosecuted in the county of the residence of the offending attorney. The petition to disbar specifically alleges that the defendant is a resident of Fulton County and maintains an office and is engaged in the practice of law in such county. It seems clear that the fact alone that the defendant maintains an office and is engaged in the practice of law in Fulton County, as is alleged in the petition to disbar, would be sufficient residence, within the meaning of the term as used in the statute, to give the superior court of Fulton County jurisdiction to entertain a suit to disbar him. The place of the commission of the acts set out as cause for disbarment is immaterial. It has been held that an attorney may be disbarred by reason of having been convicted of a crime in Federal district

court (In re Kirby, 10 S. D. 414, 73 N. W. 907, 39 L. R. A. 859), and for other misconduct in Federal court (Matter of Lamb, 105 App. Div. 462, 94 N. Y. Supp. 331; Ex parte Biggs, 52 Ore. 433, 97 Pac. 713; State ex rel. Hardin v. Grover, 47 Wash. 39, 91 Pac. 564), or in another jurisdiction (People v. Gilmore, 214 Ill. 569, 73 N. E. 737, 69 L. R. A. 701). The petition was not subject to the motion to dismiss.

■ It is further contended that the superior courts of Tift and Atkinson counties, having assumed jurisdiction over the disbarment proceeding, thereby retained it, and that the superior court of Fulton County had no jurisdiction of the matter for this reason. Among other cases the defendant cites *Mordecai* v. *Stewart,* 37 *Ga.* 364, where it was held that "whenever any court of competent jurisdiction has possession of a cause, it will retain it to the exclusion of all other courts." It is too obvious to require discussion that this principle has no application to the facts of the present case. The petition alleges that the defendant is a resident of Fulton County and is practicing law in said county. This is entirely sufficient to authorize the bringing of a disbarment proceeding in this county, even though there might be pending against him in another county another disbarment suit, based on the same grounds, which is not true here, both former disbarment proceedings having been dismissed.

■ It further appears that because of certain alleged statements made in the pleadings filed by the defendant to the present proceeding, which were verified by oath, he was indicted in five counts by the grand jury of Fulton County for perjury. *Williford* v. *State,* 53 *Ga. App.* 334 (185 S. E. 611). Count 5 of the indictment was based on a denial, in his answer, of the allegations in the suit to disbar that he had been convicted of the crime of forgery, and uttering a forged instrument with intent to defraud, in Tift superior court. He was placed on trial, and the jury returned a verdict of guilty on the first four counts, and of not guilty on count 5. The defendant contends that the verdict of not guilty on this count is res judicata of the fact that he was not convicted of the crime of forgery and uttering a forged instrument, and therefore that this should be stricken from the petition as a ground of disbarment. There is no merit in this position. In a prosecution for perjury the question is, did the accused wil-

fully, knowingly, absolutely, and falsely swear, in a matter material to the issue or point in question in some judicial proceeding? It is apparent that in such a case a verdict of acquittal might be rendered even though the matter to which the defendant swore was actually false. There are many causes that "may operate to shield a gross offender from a conviction of crime, however clear and notorious his guilt may be—a prevailing popular excitement, powerful influences brought to bear on the public mind or the mind of the jury" (Ex parte Wall, 107 U. S. 265, supra), a misconstruction of the law by the jury, and many other things that we might suggest. A criminal prosecution and a proceeding to disbar are entirely different. The former is to punish; the latter is to protect. In a criminal prosecution the State is the moving party; in a disbarment proceeding, though it is nominally a party, the court and not the State is the real party at interest. The State has produced, and it appears in the present record, a certified copy of the indictment, the verdict finding the defendant guilty, and the sentence of the court. As we have pointed out, this is the highest and best evidence of his conviction, and is conclusive upon him. He would now have the court rule that the verdict in the criminal prosecution has made inconclusive that which was conclusive—of no effect that which was binding on him. We decline so to hold. The verdict in the perjury prosecution did not set aside the conviction of the defendant in Tift superior court, as shown by the certified copies; and it can not be held to establish as a binding fact that the defendant has not been convicted. Compare *Beckworth* v. *Phillips,* 6 *Ga. App.* 859 (65 S. E. 1075); *Wilcox* v. *State,* 8 *Ga. App.* 536 (69 S. E. 1068); *Curtis* v. *Macon Railway & Light Co.,* 18 *Ga. App.* 145 (88 S. E. 997); *Metropolitan Life Insurance Co.* v. *Hand,* 25 *Ga. App.* 90 (102 S. E. 647). It has been held that "The fact that the accused was charged by information with obtaining money by false pretense, which information alleged the facts set forth in the accusation for his disbarment, and he was acquitted by the verdict of the jury, did not deprive the court of jurisdiction to try him on the accusation for disbarment." In re Lincoln, 102 Cal. App. 733 (283 Pac. 965). "Although an attorney is tried and acquitted on a charge of a criminal offense involving moral turpitude the same act may be charged and proved as a reason

for disbarment." In re Richards, 333 Mo. 907 (63 S. W. 672). "Acquittal in criminal prosecution of attorney charged with larceny of client's money did not affect disciplinary proceeding for taking same money." In re Schneidkraut, 231 App. Div. 109 (246 N. Y. Supp. 505). "The fact that an attorney at law has been tried and acquitted on a charge of embezzlement does not affect the question whether he has been guilty of professional misconduct in the transaction, for which he should be disbarred." People ex rel. Bar Asso. v. Mead, 29 Colo. 344 (68 Pac. 241). "Acquittal in the Federal court of criminal charges against an attorney at law, is not res judicata, so as to prevent a State court from subsequently disbarring him on substantially the same charges." Barach's case, 279 Pa. 89. See also In re Platz, 42 Utah, 439 (132 Pac. 390); People ex rel. Bar Asso. v. Thomas, 36 Colo. 126 (91 Pac. 36); In re O'Brien, 95 Vt. 167 (113 Atl. 527). These cases amply illustrate that a criminal prosecution does not establish facts by which a court is bound in investigating the conduct of an attorney.

■ As appears from the statement of facts, on October 10, 1936, on motion made by the petitioner, the court, by order reciting the defendant's conviction of perjury in Fulton superior court after the filing of the disbarment proceeding, suspended the defendant from the right to practice law "until a final disposition of the proceeding to disbar him and until further order of the court." In DeKrasner v. Boykin, 54 Ga. App. 29, this court said: "The court in the present case suspended the movant, sua sponte, for a definite period, that is until disbarment proceedings brought against him are disposed of, because of its knowledge that he had been convicted of a crime involving moral turpitude; and here we might state, by way of parenthesis, that this fact alone, under the Code, § 9-501, providing that an attorney may be disbarred 'upon his being convicted of any crime or misdemeanor involving moral turpitude. In either case the record of his conviction is conclusive evidence,' would be sufficient authorization for the court to enter an order of disbarment, based upon such record, without further notice or process (In re Collins, 188 Cal. 701, 206 Pac. 990, 32 A. L. R. 1062); and this would be true although his conviction was pending on motion for new trial, or on appeal to this court (Ex parte Cohen, 72 Or. 570, 144 Pac. 79)." That

a court may suspend an attorney who has been convicted of a crime involving moral turpitude, though that conviction be pending in the appellate court on appeal, as was done in the present case, is supported by the authorities. In re Kirby, 84 Fed. 606, it was ruled that "The suing out of a writ of error to review a judgment of a Federal court convicting an attorney of an offense, and the granting of a supersedeas thereon, do not vacate the judgment, so as to prevent its being ground for the defendant's disbarment." In re Kirby, 10 S. D. 322 (supra), it was said: "Under Comp. Laws, § 473, declaring the conviction of an attorney of a felony a sufficient cause to revoke his license or suspend him, and that the record of such conviction shall be conclusive evidence, a judgment of conviction for a felony is sufficient to warrant suspending the attorney, though such judgment has been superseded on writ of error." In re Lindheim, 195 App. Div. 827 (187 N. Y. Supp. 211), it was said: "Under Judiciary Law, § 88, subd. 3, and § 477, an attorney convicted of a violation of Criminal Code U. S. § 37 (U. S. Comp. Stat. § 10201), by conspiring to defraud the United States by hindering and delaying it in seizing title to an indebtedness to the Imperial German Government during the war, a felony under Criminal Code U. S. § 335 (U. S. Comp. Stat. § 10509), must be disbarred, the provisions of the Judiciary Law being mandatory, subject to application for vacation of the order of disbarment if the conviction is reversed on appeal." The power of the court to suspend the defendant was ample and for no reason assigned did it err in doing so.

Upon a consideration of the motion for rehearing filed by the defendant the judgment originally entered is adhered to. The above opinion is substituted for that originally rendered.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*