26366. WILLIFORD *v.* THE STATE.

DECIDED NOVEMBER 26, 1937. REHEARING DENIED DECEMBER 15, 1937.

854

*J. C. Bowden, B. C. Williford,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, E. A. Stephens,* contra.

GUERRY, J. 1. On October 20, 1936, the judge of the superior court of Fulton County passed the following order: "That the said Ben C. Williford be and he is hereby suspended from the right to practice law in the courts of the State of Georgia until a final disposition of the proceeding to disbar him and until further order of court, except that the said Ben C. Williford shall be allowed to appear before the judge in any case which has been tried before a jury and which is now pending on motion, in order that he may complete any case tried by him and which has not been finally terminated, and in which he is sole counsel." This order was held valid in *Williford* v. *State,* 56 *Ga. App.* 840 (194 S. E.   ).

2. On March 18, 1937, a motion was filed in Fulton superior court by the State, to have the defendant adjudged in contempt of court for a violation of the above order of suspension. The defendant in his answer admitted, among other things, that "he has prepared and filed a few suits as a stenographer or secretary for a few plaintiffs and/or their attorneys." These admissions refer to a certain suit for damages by Mary Hunter against Dolvin Realty Company, with the name of Mary Hunter signed thereto as attorney at law; to a suit by Catherine Glenn against the Georgia Power Company for damages, with defendant's name subscribed to the petition; and to a suit by S. M. Glenn against the Georgia Power Company for damages, with defendant's name subscribed to the petition. The court passed the following order: "If the order of suspension as heretofore entered should be construed in the limited sense of preventing the respondent from practicing in the courts only, as contended by respondent, nevertheless the respondent has been guilty of a violation of said order in representing parties, and in preparing petitions, and in filing and in causing them to be filed in this court, for the recovery of alleged claims;" and thereupon adjudged him in contempt. The court did not err in so holding for any reason assigned.

3. None of the demurrers filed by the defendant to the motion of the State to have him adjudged in contempt of court were meritorious.

4. The court, having power to pass the order of suspension, necessarily possessed the power to amend the same.

5. The defendant was rightly adjudged in contempt of court. No error of law requiring a reversal of that judgment is shown.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*