### 28097. JAMES *v.* THE STATE OF GEORGIA.

DECIDED FEBRUARY 15, 1940. REHEARING DENIED MARCH 7, 1940.

*Joe Hill Smith, Linton S. James,* for plaintiff in error.
*John A. Boykin, solicitor-general, J. W. LeCraw,* contra.

SUTTON, J. A rule nisi was issued by five of the judges of the superior court of Fulton County, directed to Linton S. James, an attorney at law, ordering him to show cause why he should not be suspended from the practice of law in Fulton County, Georgia, as recommended by a grievance committee appointed by said judges

on a complaint filed against this attorney by E. M. Irwin. A copy of the report of the committee was attached to the rule, and was to the effect that the committee found that Linton S. James received from E. M. Irwin the sum of not less than $36, the first $10 of which was to be paid on the costs in a bankruptcy proceeding in which Irwin had employed James to represent him; that this attorney filed the petition in bankruptcy, but failed to pay the $10 for the purpose for which it was intended; that no meeting of the creditors was ever held, the bankrupt was never examined, and in consequence thereof the bankruptcy proceeding was dismissed; and that during the pendency of the bankruptcy proceeding the said attorney accepted employment on behalf of Mrs. E. M. Irwin in a contested divorce proceeding against E. M. Irwin. The report recommended that Linton S. James be suspended from the practice of law in all of the courts of Fulton County for a period of sixty days and until reinstated, and that he be required to indemnify E. M. Irwin from all claims provable and scheduled in the bankruptcy proceeding, and that he not be reinstated until he complied with the latter recommendation. James responded by a motion to dismiss the rule nisi, and by filing an answer and a demand for a jury trial. The motion to dismiss was overruled, and the demand for a jury trial was denied. The hearing on the rule nisi was had before the five judges, and they ordered and adjudged that "the said Linton S. James be and he is hereby from this date suspended from practicing law in all courts of Fulton County for a period of sixty days and until he is reinstated; and in addition thereto it is hereby ordered and adjudged that the said Linton S. James shall pay to E. M. Irwin the sum of thirty-six dollars, less the cost of the bankruptcy blanks purchased by said James for said Irwin; it being the opinion of the judges that the said James collected from the said Irwin at least the amount of thirty-six dollars for which he rendered no service. At the expiration of said sixty days, and upon the payment of said thirty-six dollars to E. M. Irwin, less the cost of blanks, the said Linton S. James may make application for reinstatement, to be considered by the court, upon a showing of compliance as to repayment of said fund to E. M. Irwin." They further condemned the conduct of James in accepting employment on behalf of Mrs. E. M. Irwin in the divorce proceeding against E. M. Irwin during his employment as

an attorney for E. M. Irwin. The respondent made a motion for new trial, which was overruled, and he excepted.

■ The court did not err in overruling the respondent's motion to dismiss the rule nisi, which was to the effect that there was no authority of law for the proceeding. An attorney is an officer of the court, and this particular proceeding was an investigation by the court to determine whether or not the respondent should be suspended for a time from the practice of law in Fulton County, Georgia. It is well settled that courts have the inherent power to discipline, suspend, and disbar members of the bar for sufficient cause, even without the authority of legislative enactment. Our Code, § 9-505, provides: "The proceedings to remove an attorney may be taken by the court of its own motion, or upon the motion of an attorney at law, or other citizen." The rule nisi sufficiently apprised the respondent of the nature of the charges that he was called upon to answer, and he was given due notice thereof.

■ The respondent in his answer denied the charges contained in the rule nisi and as made by the report of the grievance committee attached to the rule, and in substance set up that E. M. Irwin employed him in July, 1935, to put him through bankruptcy and agreed to pay him $65, this to include his fee and the court costs; that Irwin owed him $15 for representing him in a case in the police court, and $25 on a judgment rendered in a proceeding in Fulton superior court; that as against these charges he had paid in small amounts, covering a period from July 19, 1935, to June, 1936, the amounts and dates being specified, a total of $36; that there was no agreement between them as to when or out of what money the costs in the bankruptcy proceeding were to be paid; that Irwin refused to pay, and, after a controversy arose between them on this account, he resigned or withdrew as attorney in the bankruptcy proceeding. He also contended that his representation of Mrs. Irwin in the divorce case, during the pendency of the bankruptcy proceeding, was not inconsistent with his employment by Irwin in the bankruptcy matter. An issue of fact was raised by the respondent's answer to the rule nisi. In a proceeding to remove an attorney, the Code, § 9-511, provides that he may answer by denying the truth of the accusation, and § 9-513, provides that "if he denies the accusation, the court must immediately, or at such time as it may appoint, proceed to try the same— the accused having a right to demand a trial by a jury."

■ While it is the general rule, and has been so declared by this court and many courts in other jurisdictions, that courts have the *inherent* power to admit attorneys to the bar, and also to suspend and disbar them for sufficient cause, and this inherent power over the members of the bar by the courts is not dependent on legislative grant, still the courts must and do recognize the right of the legislature to pass laws to aid them in their visitorial powers in this respect. It was said in *Wood* v. *State, 45 Ga. App.* 783, 789 (165 S. E. 908) : "Georgia is a common-law State, and it was the rule at common law that the courts had the inherent power to admit attorneys to the bar, with the right to disbar them for sufficient cause, and it is generally held that the statutes do not limit the general powers of the court over attorneys, and that attorneys may be removed for other than statutory grounds." (Citing.) In *DeKrasner* v. *Boykin, 54 Ga. App.* 29, 37 (186 S. E. 701), it was said : "We have already pointed out that the disbarment proceedings as prescribed in Code, § 9-501, are not exclusive of the methods to be adopted by the courts in governing the conduct and actions of attorneys practicing at the bar. Knowing the situation and that a remedy is needed, the trial judges are in the best position to select one. They need not sit passively and await action by some one else; but they may select their own agency for action." But it was also said : "The right to practice law, after once admitted, is to be considered a property right, of which one is not to be deprived without notice and a right to be heard; and there can be no doubt that a court is without authority to disbar or suspend an attorney sua sponte, without notice and hearing, except for matters occurring in open court and in the judge's presence, or where it may come within the actual knowledge of the court that an attorney has been convicted of a crime involving moral turpitude, in which case the court may suspend him until proper disbarment action may be taken by the court of its own motion or upon motion of another. All other matters should be heard only after due notice to the offending party of the grounds of complaint against him and an opportunity for explanation and defense." In *Payne* v. *State, 52 Ga. App.* 425, 426 (2) (183 S. E. 638), it was said : "The statutes do not limit the general powers of the courts over attorneys at law, and they may be disbarred for other than statutory grounds; and this inherent power can not be defeated

by the legislative and executive departments, although its exercise may be regulated by statute. See . . 6 C. J. 580, §§ 36, 37; *Wood* v. *State,* 45 *Ga. App.* 783 (3), 789 (165 S. E. 908) ; State v. Gowland, 174 La. 351 (140 So. 500) ; In re Kaufman, 245 N. Y. 423 (157 N. E. 730)."

The cases of *Wood* v. *State,* supra, *DeKrasner* v. *Boykin,* supra, and *Williford* v. *State,* 56 *Ga. App.* 840 (194 S. E. 384), cited and relied on by the defendant in error, are distinguishable from the present case. The trial in the *Wood* case was by a jury, and the exceptions there were to certain charges of the court, which were held not to be erroneous. The suspension in the *DeKrasner* case was based on the undisputed fact that he had been convicted of a crime involving moral turpitude, of which the court had actual knowledge, this being a conclusive ground for disbarment, and on the further ground that he was guilty of conduct in the presence of the court considered by it as a contempt and as an action plainly showing that he was unworthy of the privileges of a member of the bar. In the *Williford* case his suspension was on the uncontroverted ground that he had been convicted of a crime involving moral turpitude. There was no charge that the respondent in the present case had been convicted of a crime involving moral turpitude, or that he was guilty of any acts or conduct in the presence of the court that would authorize his suspension as a member of the bar. It is true that the present proceeding was to suspend the respondent for a time from the practice of law in Fulton County, instead of to disbar him; still the rule nisi was to the effect that, if he were adjudged guilty of the charge made against him, his reinstatement as a member of the bar would depend on his making restitution as stated in the rule, which in effect would amount to a disbarment in the event he failed to comply with the condition imposed upon him for reinstatement; and in point of fact just such a judgment was rendered by the court.

It is not that this court would indulge for a moment in the thought that the respondent would not be given as fair and impartial a hearing by the five able and learned superior-court judges as by any tribunal before which he might be tried; but it has always been the system of our jurisprudence in this State, as authorized by our constitution, to adhere to a trial by a jury in any case involving an issue of fact, where the legislature has provided

for a jury trial in such proceeding. As above pointed out, the Code, § 9-513, provides that an attorney at law may respond by answering and denying the charges made against him in a proceeding to disbar him, and when he does he is entitled to a trial by a jury. On an application of the law to the facts as contained in the pleadings in the present case, we are of the opinion that the respondent was entitled to a trial by a jury, and that the court erred in refusing his demand in this respect.

*Judgment reversed. Stephens, P. J., and Felton, J., concur.*