## HACKNEY v. ASBURY & COMPANY.

FISH, C. J. 1. The mere dismissal, in general terms, of a suit will not, after the expiration of six months from such dismissal, operate as a bar to the bringing of a second suit by the same plaintiff against the same defendant and on the same cause of action, when the cause of action is not barred by the statute of limitation applicable thereto at the time the second suit is brought. Section 3786 of the Civil Code is not applicable to such a state of facts, as that section provides: "If a plaintiff shall be nonsuited, or shall discontinue or dismiss his case, and shall recommence within six months, such second case shall stand upon the same footing, as to limitation, with the original case."

2. Where two persons were sued, the case dismissed as to one for want of service upon him, judgment rendered against the other, and on the execution against him an entry of nulla bona was made, the plaintiff was not required to pay the costs of the first action before bringing suit against the person not served therein, as for want of service the former suit was never commenced against him (*McClendon* v. *Hernando Co.*, 100 *Ga.* 219), and therefore the suit against him could not be the recommencement of a former action against him, so as to bring it within the provisions of the Civil Code, § 5043.

3. Upon the trial of an appeal from a county court, the judge of the superior court did not err in refusing to charge, upon request, that if the defendant resided in a named militia district of the county and the residence of the county judge who tried the case was in another designated militia district, and the suit was for less than fifty dollars, there should be a finding that the county court did not have jurisdiction of the case.

4. The evidence supported the verdict, and the court did not err in refusing a new trial. *Judgment affirmed. All the Justices concur.*

Argued December 1, 1905.—Decided January 12, 1906.

Complaint—appeal. Before Judge Holden. Taliaferro superior court. June 2, 1905.

*William N. Maltbie* and *J. W. Hixon,* for plaintiff in error.

*Samuel H. Sibley,* contra.