6444. POPLARVILLE SAWMILL CO. *v.* DRIVER & CO.

1. Unless the bar of the statute of limitations would attach but for the renewal of the suit within six months, and until the action is barred by the statute of limitations, it is within the power of a plaintiff, at his own option, to dismiss his suit and recommence it as often as he chooses,

subject only to liability for the cost in case he desires to renew the action.

2. While the costs must be paid as a condition precedent to the renewal of an action which has been dismissed, the question as to whether the costs have been paid can not be raised by demurrer, unless it appears, from the statements of the petition itself, that they have not been paid. If the petition is silent upon this subject, the point that the costs have not been paid and that the plaintiff is therefore not entitled to proceed must be raised by plea in abatement.

DECIDED FEBRUARY 24, 1916.

Complaint; from city court of Thomasville—Judge W. H. Hammond. December 23, 1914.

*J. E. Craigmiles,* for plaintiff.

*Roscoe Luke, C. E. Hay, Louis S. Moore,* for defendants.

RUSSELL, C. J. The action was upon an account. To the usual form of such a suit the plaintiff added two paragraphs, in which it is alleged, that "this suit is a renewal of the suit which was filed on the 24th day of February, 1914, to the March term of the city court of Thomasville, which the plaintiff on its own motion dismissed because the process was not attached, the process being a direction to T. S. Dekle to appear and answer such suit;" and that "this suit is also a renewal of the suit which was filed on the 23d day of May, 1914, which was dismissed by the defendant [plaintiff] also of his own motion, for the reason that same verified account was attached as used in former suit." The defendant demurred, upon the ground, among others, that "it appears from plaintiff's petition that this action is the recommencement of a suit heretofore twice commenced and twice dismissed on plaintiff's own motion, and the plaintiff therefore has no right to maintain this suit." The court sustained this ground of the demurrer and dismissed the suit, and exception is taken to this judgment.

In the petition there is no statement as to the cost. It does not appear therefrom whether the costs were paid or are still unpaid. It appears from the petition that the action was not barred and would not be barred by the statute of limitations, even if no suit had been brought until the present time. The trial judge evidently considered that the provision of law contained in section 4381 of the Civil Code applied to all suits. In this we think the court erred. That section of the code was intended to apply only to suits which, if renewed, would be barred by the statute of limitations in the absence of such a provision. Section 5627 of the

code provides that suits may be dismissed either in vacation or in term time; and this dismissal is without prejudice to the recommencement of the action.

Of course, if a plaintiff who has dismissed his suit should desire to renew the suit, he must first pay the costs of the former proceeding (Civil Code, § 5625), or file an affidavit in terms of section 5626 as to his inability to pay. But where the action, though dismissed, would not be barred by the statute of limitations, the plaintiff may dismiss and recommence his suit as often as he chooses, subject only to payment of the cost. The provisions of section 4381 were enacted merely to save a suit which otherwise would be subject to the statute of limitations, and the privileges there granted can only be exercised once, but this section has no application to the general rule under which a plaintiff may at his option dismiss his suit and recommence it when the action is not barred by the statute of limitations. See *Hackney* v. *Asbury,* 124 *Ga.* 678 (52 S. E. 886); *Floyd* v. *Boyd,* 16 *Ga. App.* 43-46 (84 S. E. 496).

It follows that the court erred in dismissing the petition.

*Judgment reversed.*