### 24852. DOWE v. DEBUS MANUFACTURING COMPANY.

STEPHENS, J. 1. It is only where an action has been nonsuited, dismissed, or discontinued, and the dismissal or discontinuance is by the act of the plaintiff, that, as a condition precedent to recommencing the suit, the costs of the former suit must be paid, or an affidavit in forma pauperis in lieu thereof be made as provided in the Code of 1933, §§ 3-508, 3-509 (Code of 1910, §§ 5625, 5626); *Rumph* v. *Truelove*, 66 *Ga.* 480. Where the former suit was dismissed on motion of the defendant after a traverse of the officer's return of service had been sustained on the ground that the defendant, a corporation, had not been served by perfection of service upon an agent in charge of the office and place of doing business of the corporation in the county, as required by law, it was not a condition precedent to the commencement of a subsequent suit by the plaintiff against the defendant, to recover on the same cause of action, that the costs in the former suit be paid or an affidavit in forma pauperis be made in lieu thereof.

2. Before it is required, as a condition precedent to the filing of a suit, that the costs which accrued in a former suit between the same parties for the same cause of action, which had been nonsuited, dismissed, or discontinued, be paid or an affidavit in forma pauperis be made as provided in the Code (supra), the former suit must have been one pending between the parties. Where in the former suit service of the defendant was not perfected, and the suit was dismissed on this ground, the former suit was never a suit pending, and therefore it was not essential to the maintenance of a subsequent suit that the accrued costs in the former suit be paid or an affidavit in forma pauperis be made. *Hackney* v. *Asbury*, 124 *Ga.* 678 (2) (52 S. E. 886); *McClendon* v. *Hernando Phosphate Co.*, 100 *Ga.* 219 (2) (28 S. E. 152).

3. On the trial of the present suit, which arose by attachment, the court erred in sustaining the plea in abatement, in which it was alleged that the costs which had accrued in a former suit at common law, which the plaintiff had instituted against the defendant for the same cause of ac-

tion and which had been dismissed, had not been paid, and that the plaintiff had not in lieu thereof made an affidavit in forma pauperis, where it appeared conclusively from the evidence that the former suit had been dismissed on motion of the defendant, at a special appearance, on the ground that no service of the defendant corporation had been perfected by service on an agent in charge of its office and place of business in the county, after the defendant's traverse of the officer's return showing valid service had been sustained, notwithstanding the costs in the alleged former suit had not been paid, and the plaintiff had not executed an affidavit in forma pauperis in lieu of payment of costs.

4. The court erred in overruling the motion for new trial.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED FEBRUARY 27, 1936.

*Lawton Nalley,* for plaintiff.
*Hendrix & Buchanan,* for defendant.