38702. REGISTER v. SANDERS *et al.*

Decided March 16, 1961.

*Bagwell & Hames, James A. Bagwell,* for plaintiff in error.

*W. Owen Slate, Charles W. Bergman,* contra.

BELL, Judge. The defendants' contention is that under *Code* § 3-508, the plaintiff is not permitted to maintain the third action filed in this case in Cobb County until the payment of the costs in the two actions previously brought and dismissed by the plaintiff in DeKalb and Fulton Counties. The plaintiff urges that: jurisdiction was not obtained over the parties in either of the previous actions, and *Code* § 3-508 does not apply; the lack of jurisdiction in the earlier cases made them nullities; and the trial court erred in sustaining the special plea in abatement filed in the Superior Court of Cobb County.

*Code* § 3-508 provides: "A retraxit differs from a nonsuit, dismission, or discontinuance, in this: A retraxit is positive and conclusive of the plaintiff's right of action, while a nonsuit, dismission, or discontinuance is negative, and the plaintiff may recommence his suit on the payment of costs." Numerous cases interpreting this section have held in effect that either payment of the prior costs or an affidavit in forma pauperis under *Code* § 3-509 is a condition precedent to the commencement of a subsequent action on the same cause of action between the same parties.

In the first action brought in Fulton County by this plaintiff against these defendants, neither defendant was served, and a return of non est inventus was entered. With respect to the next one filed in DeKalb County, it is stipulated that the defendant named as a resident of DeKalb County was not a resident of the county and was not served, but the nonresident defendant was served by second original process. Both of these actions were dismissed by the plaintiff.

Under the Constitution, *Code* § 2-4904, an action may be maintained against joint tortfeasors who reside in different counties in the county of residence of either, but if there is no liability against the resident defendant, the latter necessarily is not

a joint tortfeasor or a joint obligor with the nonresident defendant and the court, with respect to the person of the nonresident defendant, has no jurisdiction to render a verdict and judgment against him. See *Maddox v. Brooks,* 17 Ga. App. 644 (2) (87 S. E. 911); *Davis v. Waycross Coca Cola Bottling Co.,* 60 Ga. App. 390 (3 S. E. 2d 863); *Warren v. Rushing,* 144 Ga. 612 (87 S. E. 775).

Accordingly, we adjudge it to be self-evident that where, as here, there is an inability to obtain jurisdiction over the only one of two or more defendants alleged to be a resident of the forum county because of nonresidency, there is no jurisdiction for the simple reasons that "the delivery of a copy of the process, with a copy of the petition to the defendant, is essential to perfect service, and to give the court jurisdiction of the case." *Ballard v. Bancroft,* 31 Ga. 503 (3), and "The filing of a suit with the clerk of the court does not constitute the beginning of an action unless process issue and service be finally had. The mere filing without the issuance of process is not the institution of an action, and the payment of costs is not a condition precedent to filing at the next term of the court the identical cause of action." *Corbin v. White,* 49 Ga. App. 59 (173 S. E. 376).

This court has held that before it is required as a condition precedent to the filing of a suit that the costs which accrued in a former suit between the same parties for the same cause of action which has been dismissed be paid or an affidavit in forma pauperis be made as provided in the Code, the former suit must have been one pending between the parties; and where service on the defendant in the first suit was not perfected, and the action was dismissed on that ground, the former was never a suit pending and, therefore, it is not essential to the maintenance of a subsequent case that the accrued costs in the former be paid or the pauper's affidavit be made. *Dowe v. Debus Mfg. Co.,* 52 Ga. App. 713 (2) (184 S. E. 362).

In the light of these authorities, it is clear that the two prior actions on this cause of action were nullities, since in the one there was no service of process on either defendant, and in the other there was service of process only upon the nonresident defendant.

The trial court erred in sustaining the defendant's plea in abatement.

*Judgment reversed. Felton, C. J., and Nichols, J., concur.*