40255. DAVIS v. HOLT.

DECIDED SEPTEMBER 4, 1963.

*Wade H. Leonard,* for plaintiff in error.

*Hurt, Baird & Freeman, Joe C. Freeman,* contra.

NICHOLS, Presiding Judge. The defendant's plea in abatement is based solely on the ground that the plaintiff had failed to pay the court costs, which accrued in the first action, before filing the second action.

In support of his contention the defendant cites *Poplarville Sawmill Co. v. Driver & Co.,* 17 Ga. App. 674 (88 SE 36), a case where the plaintiff had voluntarily dismissed the first action before filing the second. As pointed out in *Dowe v. Debus Mfg. Co.,* 52 Ga. App. 713 (1) (184 SE 362): "It is only where an action has been nonsuited, dismissed, or discontinued, and the dismissal or discontinuance is by the act of the plaintiff, that, as a condition precedent to recommencing the suit, the costs of the former suit must be paid, or an affidavit in forma pauperis in lieu thereof be made as provided in the Code of 1933, §§ 3-508, 3-509." In that case the first action was dismissed after a traverse to the service had been sustained and it was held that the second action was not subject to the plea in abatement on the ground that the costs had not been paid and no pauper's

affidavit filed. Such case followed the decision of the Supreme Court in *Rumph v. Truelove*, 66 Ga. 480, where it was held: "To fall under that section [*Code* § 3-508] there must have been a nonsuit by the court, or a dismission, or discontinuance by the plaintiff himself." See also *Rountree v. Key*, 71 Ga. 214, which explains that cases like the one sub judice may be renewed under *Code* § 3-808 which section does not require the payment of costs as a prerequisite, and not under *Code* § 3-508.

In the present case the former action was, as shown by the plea, ended by the court sustaining the defendant's plea to the jurisdiction. The trial court erred in overruling the plaintiff's general demurrer to the defendant's plea in abatement and the further proceedings were nugatory, and the assignments of error thereon need not be passed upon by this court.

*Judgment reversed. Frankum and Jordan, JJ., concur.*