## 50226. MOORE et al. v. TOOTLE.

WEBB, Judge.

Irene and Forrest Moore filed their complaint for medical negligence against Dr. George Tootle in the Superior Court of Gwinnett County, the county of Dr.

Tootle's residence. Subsequently Mr. and Mrs. Moore determined that they might also be able to prevail against Sandoz-Wander, Inc., the manufacturer of a drug administered to Mrs. Moore by Dr. Tootle. Sandoz-Wander was a Delaware corporation subject to the jurisdiction of the Superior Court of Fulton County, and the Moores dismissed their Gwinnett County action and on the same day filed suit against Dr. Tootle and Sandoz-Wander as joint tortfeasors in Fulton Superior Court. This latter suit was filed within the applicable two-year period of limitation.

Pursuant to its motion for summary judgment, Sandoz-Wander was dismissed as a party defendant and the Fulton Superior Court lost jurisdiction over the nonresident defendant, Dr. Tootle. By this time the statute of limitation had run. Following the termination of the Fulton County action, and within six months thereafter, the Moores refiled the present action against Dr. Tootle in Gwinnett Superior Court. Dr. Tootle moved for summary judgment, contending that before the refiling of the instant proceeding the statute of limitation had lapsed and the action was barred. The trial court granted the motion, and the Moores appeal. *Held:*

1. We reverse. Code Ann. § 3-808 provides that "If a plaintiff shall discontinue or dismiss his case, and shall recommence within six months, such renewed case shall stand upon the same footing, as to limitation, with the original case; but this privilege of dismissal and renewal shall be exercised only once *under this section.*" (Emphasis supplied.) The trial court apparently reasoned, and Dr. Tootle contends here, that when the first Gwinnett County suit was dismissed and reinstituted in Fulton County, plaintiffs had exhausted their privilege to once dismiss and renew under Code Ann. § 3-808. This reasoning is erroneous, however, because the statute of limitation had not expired when the Fulton County suit was filed, and § 3-808, which is designed to save causes from the statute of limitation, did not come into play with reference to that first dismissal and renewal.

"The mere dismissal, in general terms, of a suit will not, after the expiration of six months from such

dismissal, operate as a bar to the bringing of a second suit by the same plaintiff against the same defendant and on the same cause of action, when the cause of action is not barred by the statute of limitation applicable thereto at the time the second suit is brought. Section 3786 of the Civil Code [now § 3-808] is not applicable to such a state of facts, as that section provides: 'If a plaintiff shall be nonsuited, or shall discontinue or dismiss his case, and shall recommence within six months, such second case shall stand upon the same footing, as to limitation, with the original case.' " *Hackney v. Asbury & Co.,* 124 Ga. 678 (1) (52 SE 886). "Section 4381 of the Civil Code of 1910 [now § 3-808] which provides that 'if the plaintiff shall be nonsuited, or shall discontinue or dismiss his case,' it may be recommenced within six months, and 'such renewed case shall stand upon the same footing, as to limitation, with the original case,' *applies only to cases which are otherwise barred by the statute of limitations. Hackney v. Asbury,* 124 Ga. 678 (52 SE 886); *Floyd v. Boyd,* 16 Ga. App. 43 (4), 46 (84 SE 494); *Poplarville Sawmill Co. v. Driver,* 17 Ga. App. 674 (88 SE 36)." *Powell v. Fidelity &c. Co.,* 48 Ga. App. 529 (3) (173 SE 196). (Emphasis supplied.) For dismissal and renewal of cases not affected by the statute of limitation, see CPA § 41 (a) (Code Ann. § 81A-141 (a)).

Accordingly, because the action was not barred at the time the Gwinnett County suit was dismissed and refiled in Fulton County, Code Ann. § 3-808 was inapplicable at that point and plaintiffs' privilege of renewal under this section was not exhausted. Since § 3-808 applies to involuntary as well as voluntary dismissals, so long as the grounds for dismissal do not adjudicate the merits (*Clark v. Newsome,* 180 Ga. 97 (178 SE 386); *Chance v. Planters Rural Telephone Cooperative,* 219 Ga. 1, 4 (131 SE2d 541)), plaintiffs were entitled to renew this suit in the Gwinnett court within six months after the Fulton County suit terminated for lack of jurisdiction over Dr. Tootle, a nonresident of that county. *Bowman v. Ware,* 133 Ga. App. 799.

2. While Dr. Tootle assigns additional reasons why the present suit cannot proceed, the record is silent as to these matters and the summary judgment burden has not

been carried.

*Judgment reversed. Bell, C. J., and Marshall, J., concur.*

ARGUED FEBRUARY 3, 1975 — DECIDED<br>MARCH 10, 1975.

*Fred L. Cavalli,* for appellants.
*T. M. Smith, Jr., Hunter S. Allen, Jr.,* for appellee.