51129, 51405. LANSKY et al. v. GOLDSTEIN et al.;
and vice versa.

STOLZ, Judge.

1. "On a motion for summary judgment the burden of establishing the non-existence of any genuine issue of fact is upon the moving party and all doubts are to be resolved against the movant. The movant has that burden even as to issues upon which the opposing party would have the trial burden, and the moving party's papers are carefully scrutinized, while the opposing party's papers, if any, are treated with considerable indulgence. *Colonial Stores v. Turner,* 117 Ga. App. 331 (160 SE2d 672)." *Ham v. Ham,* 230 Ga. 43, 45 (195 SE2d 429).

Accordingly, where the resident-movant had filed both an original answer — *admitting* jurisdiction and ownership, operation and control of the apartment house in which the plaintiff tenant sustained injuries caused by the alleged negligence of the defendants — and an amended answer *denying* such ownership, operation and control, doubts were raised which authorized the denial of the motion for summary judgment. See generally

*Alexander v. Boston Old Colony Ins. Co.,* 127 Ga. App. 783 (195 SE2d 277) and cits.

It is well settled that where a plea both admits and denies a particular issue, the admission, and not the denial, must prevail. See *City of Moultrie v. Schofield's Sons, Inc.,* 6 Ga. App. 464 (1) (65 SE 315); *Taylor v. Crawford,* 119 Ga. App. 262, 264 (3) (167 SE2d 404). The principle is particularly applicable on motions for summary judgment, where all inferences that can be drawn from the pleadings and evidence are construed against the movant. *Holland v. Sanfax Corp.,* 106 Ga. App. 1 (126 SE2d 442). Accordingly, the motion for summary judgment was properly denied. Nothing herein should be construed as holding that the foregoing issue of fact could not be resolved on summary judgment upon the submission of sufficient relevant, competent evidence.

2. Where the co-defendants were served in this action, the trial judge did not err in denying their motion to dismiss on the grounds of lack of jurisdiction over their persons or improper venue, because all the defendants, as joint tortfeasors, may be sued together in the county in which any one resides. Ga. Constitution, Art. VI, Sec. XIV, Par. IV (Code Ann. § 2-4904); *Albany Coca-Cola Bottling Co. v. Shiver,* 63 Ga. App. 755, 758 (1) (12 SE2d 114); *Akin v. Randolph Motors,* 95 Ga. App. 841, 847 (99 SE2d 358); *Gilson v. Mitchell,* 131 Ga. App. 321 (205 SE2d 421). Thus, the court acquired jurisdiction over the nonresident defendants.

The only time the defense of lack of jurisdiction over the person of the nonresident defendants because of their nonresidency would be valid in this action is in the event of a judgment in favor of the resident joint defendant, whereby the court would lose jurisdiction as to the nonresident joint defendants unless they expressly or impliedly waive this defense. *Burger v. Noble,* 81 Ga. App. 759 (59 SE2d 761). Therefore, the default of the nonresident defendants, which otherwise would have constituted a waiver of the defenses specified in Code Ann. § 81A-112 (h) (1) (Ga. L. 1966, pp. 609, 622, as amended) (*Aiken v. Bynum,* 128 Ga. App. 212 (2) (196 SE2d 180)), was irrelevant to the issue of jurisdiction of the nonresident defendants, and would not estop them from

asserting the fact of their nonresidency in the event of a judgment in favor of the resident defendant.

3. The failure of the trial judge to specifically deny the motion to dismiss for the reason of movants' alleged waiver of the defense of lack of jurisdiction over their persons, enumerated as error in the plaintiffs' cross appeal, was not error for the reasons set forth in Division 2 hereinabove.

4. The issue, raised by the cross appeal, of whether the trial judge properly refused to admit in opposition to the motion for summary judgment a certified tax plat tendered by the plaintiffs at the hearing on the motion — on the ground that it had not been served at least one day prior thereto, as is required for opposing *affidavits* (Code Ann. § 81A-106 (d) (Ga. L. 1966, pp. 609, 617; 1967, pp. 226, 229, 230); *Malone v. Ottinger,* 118 Ga. App. 778 (3) (165 SE2d 660)) — has been rendered moot by our affirmance of the denial of the summary judgment motion in Division 1 hereinabove.

*Judgments affirmed on the main and cross appeals. Deen, P. J., and Evans, J., concur.*

ARGUED SEPTEMBER 10, 1975 — DECIDED OCTOBER 24, 1975 — REHEARING DENIED NOVEMBER 18, 1975 — 

*A. Ed Lane, Robert J. NeSmith, J. Max Davis,* for appellants.

*Serby & Mitchell, Louis C. Parker, III,* for appellees.