57834, 57835. WOODS v. LONG MANUFACTURING, N. C., INC. et al.; and vice versa.

DEEN, Chief Judge.

Woods filed suit in Candler County against Long Mfg. N. C., Inc. (hereafter called Long), a foreign corporation with an agent for doing business registered only in Fulton County, and Callaway Tractor Company, Inc., a Candler County corporation, for damages allegedly resulting from defects in a tobacco curing barn manufactured by Long and sold to the plaintiff by Woods.

Callaway ceased doing business and, although served, filed no defenses; a default judgment was eventually entered against it as to liability. The case went to trial against both defendants, and a judgment for damages was returned in favor of the plaintiff against Long only. The court then entered a judgment of dismissal accompanied by the following findings: Long has never maintained an office in Candler County; Callaway, the resident defendant, was eliminated by the jury action, the court therefore lost jurisdiction over Long and that defendant is dismissed without prejudice.

The plaintiff moved for reconsideration and a judgment based on the jury verdict, which motion the court denied, following the decision in *Peek v. Southern Guaranty Ins. Co.,* 240 Ga. 498 (241 SE2d 210) (1978) and distinguishing *Woods v. Universal C. I. T. Credit Corp.,* 110 Ga. App. 394 (138 SE2d 593) (1964) and *Byrd v. Moore Ford Co.,* 116 Ga. App. 292 (2) (157 SE2d 41) (1967). The appeal is from this judgment.

Suits against joint contractors or joint tortfeasors may be brought in the county of residence of either. Code § 2-4304. This four-count petition contained allegations which, if proved, would result in a principal-agent relationship which would require a verdict against the resident and nonresident defendants jointly. At least one count, however, was directed against Long, the manufacturer, alone, in that its allegations sought to establish a basis for a verdict based on strict tort liability in the manufacture of a defective product. Cf. *Center Chemical Co. v. Parzini,* 234 Ga. 868 (218 SE2d 580) (1975). Had the jury found in favor of the defendant Callaway Tractor Company, Inc. and against Long based on evidence supporting this count the venue would necessarily have been Fulton County, the only county where the defendant under the evidence had an agent for service (Code § 22-404 (b)).

It is contended, however, that the fact that a prior default judgment had been entered against Callaway Tractor Company establishes venue as to both defendants in Candler County. This would not be true as to Count 3 of the complaint if the jury found in favor of the resident co-defendant. We have, however, considered the cases of

*Woods v. Universal C. I. T. Credit Corp.,* 110 Ga. App. 394, supra, and *Byrd v. Moore Ford Co.,* 116 Ga. App. 292, supra, which it is contended support the appellant's position. In *Woods* it was held: "The resident defendant filed no answer and therefore, the case being in default as to him, a verdict against both the resident and nonresident defendant was authorized." Id., p. 397. This was so even though the nonresident did not admit that the co-defendant was a resident of the county. The *Byrd* case holds merely that a nonresident defendant, even if in default, will not be subject to a final judgment until it is shown that the resident defendant is also liable.

In the more recent case of *Peek v. Southern Guaranty Ins. Co.,* 240 Ga. 498, supra, the effect of a default judgment upon a co-defendant has been considered in depth, and it was held that the default of the co-defendant "is deemed to be an admission by him of the plaintiff's right to recover, but only against him. A default by one defendant therefore is not evidence which can be used to support a summary judgment against another de-fendant." Id., p. 499. The only distinction to be drawn between *Peek* and the present case is that the issue in *Peek* was whether a co-defendant is bound by admissions of liability resulting from the other defendant's failure to answer, while here the issue is whether admissions of venue arising from the default will bind the other defendant. The difference seems to be this: If the jury had returned a verdict against Callaway Tractor Company, the resident defendant, that verdict would support, as to venue, a verdict against the nonresident. But the jury found the resident defendant, although in default, to be not liable for money damages. The mere default with judgment based thereon, which is unsupported by a verdict, and which carries no finding of damages, is in and of itself insufficient to furnish a venue base on which the verdict against the nonresident can rest.

It follows that the trial court correctly sustained the motion to dismiss the defendant Long Mfg. N. C., Inc. without prejudice for lack of jurisdiction.

*Judgment affirmed on the main appeal. Cross appeal dismissed. Birdsong and Carley, JJ., concur. Shulman, J., not participating.*

502

*Spivey & Carlton, Robert S. Reeves,* for appellant.
*Hunter, Houlihan, Maclean, Exley, Dunn & Connerat, Ralph O. Bowden, III, F. Sanders Aldridge, III,* for appellees.