58866. BROOKS v. DOUGLAS et al.
58867. DEERE & COMPANY v. BROOKS et al.
58868. DOUGLAS v. BROOKS et al.

SOGNIER, Judge.

These companion cases arose out of the same case below and can be decided in one opinion. On March 5, 1973 the plaintiff, O. R.

Brooks, sustained injuries to himself and his van when he was involved in a collision with a tractor operated by the defendant, Gurry Douglas, and manufactured by the defendant, Deere & Company. Plaintiff originally filed an action alleging negligence by the defendants in Baker County on April 18, 1974 but voluntarily dismissed that action on March 3, 1975. Plaintiff filed a second action in DeKalb County on March 3, 1975, naming F. N. McNair, the owner of the tractor, Gurry Douglas, the driver of the tractor and an employee of McNair, Deere & Company, and John Deere Company, manufacturers of the tractor, as joint tortfeasors. John Deere Company was the only resident of DeKalb County. The action in DeKalb County was involuntarily dismissed on the merits as to John Deere Company on April 26, 1977 and dismissed as to the other defendants on July 28, 1977 because of lack of jurisdiction of the nonresident defendants. A third suit was filed on September 2, 1977 against Douglas and Deere & Company in Baker County. Both Douglas and Deere & Company filed motions for summary judgment based on their claims that (1) the statute of limitation had run on both the personal injury claim and the property damage claim and (2) the evidence showed no genuine issue as to any material fact. The trial court denied defendants' motion for summary judgment based on the statute of limitation, but granted the motion based on the merits of the case. Defendants appealed the former while plaintiff appealed the latter. We affirm the trial court's judgment as to the statute of limitation, but reverse the grant of summary judgment on the merits.

1. The issue raised by defendants Douglas and Deere & Company on cross appeal is whether the plaintiff's suit is barred by the statute of limitation. Code Ann. § 3-808, the Renewal Statute, controls. It provides: "If a plaintiff shall discontinue or dismiss his case, and shall recommence within six months, such renewed case shall stand upon the same footing, as to limitation, with the original case; but this privilege of dismissal and renewal shall be exercised only once under this section." This section applies to involuntary as well as voluntary dismissals, so long as the grounds for dismissal do not adjudicate the merits. *Clark v. Newsome,* 180 Ga. 97 (178 SE 386) (1934); *Chance v. Planters Rural Tel. Cooperative,* 219 Ga. 1, 4 (131 SE2d 541) (1963); *Moore v. Tootle,* 134 Ga. App. 232, 234 (214 SE2d 184) (1975).

Code § 3-808 is meant to apply to save a case from the statute of limitation when it attaches pending the suit. *Rudolph v. Underwood,* 88 Ga. 664, 672 (16 SE 55) (1891). There is no limitation as to the number of times a suit may be brought and

dismissed, so long as the statute of limitation does not attach. *Williford v. State,* 56 Ga. App. 840, 849 (194 SE 384) (1937); *Whalen v. Certain-Teed Products Corp.,* 108 Ga. App. 686, 687 (134 SE2d 528) (1963); *Moore v. Tootle,* supra, 233. The trial court properly applied Code § 3-808 to this case since the first suit was brought and dismissed in Baker County before the statute had run, the second suit was brought in DeKalb County before the statute had run, and the third suit was brought in Baker County within the statutory six months after dismissal.

On cross appeal, the defendants contend that the suit brought in Baker County following the dismissal of the defendants from the DeKalb County suit was barred by the statute of limitation because the DeKalb County suit was void ab initio as to defendants Douglas and Deere & Company and therefore did not toll the statute. We cannot agree with this contention.

The suit in DeKalb County was brought against Douglas, McNair, Deere & Company and John Deere Company as joint tortfeasors. The Georgia Constitution provides that suits against joint tortfeasors residing in different counties may be tried in either county. Art. VI, Sec. XIV, Par. IV, Ga. Const., Code Ann. § 2-4304. It is not essential that the joint tortfeasors owed the same duty or should be guilty of the same act of negligence. It is sufficient if each owed a separate and distinct duty to the person injured, provided only that the separate acts of negligence concurred in proximately causing the injury. *Lansky v. Goldstein,* 136 Ga. App. 607, 608 (222 SE2d 62) (1975); *Albany Coca-Cola Bottling Co. v. Shiver,* 63 Ga. App. 755, 758 (12 SE2d 114) (1940). It is undisputed that the DeKalb County trial court dismissed the suit as to Douglas, McNair, and Deere & Company after entering judgment only as to John Deere & Company the resident defendant and alleged joint tortfeasor, on the merits of the case. There is nothing in the record to indicate that the trial court in DeKalb County lacked jurisdiction over the resident defendant, John Deere & Company, and therefore, over the nonresident defendants. *Davis v. Waycross Coca-Cola Bottling Co.,* 60 Ga. App. 390, 394 (3 SE2d 863) (1939). Once the suit was adjudicated in favor of the defendant John Deere & Company, the DeKalb County trial court lost jurisdiction over the nonresident defendants. *Steding Pile Driving Corp. v. John H. Cunningham & Assoc.,* 137 Ga. App. 165, 166 (223 SE2d 217) (1976); *Thornhill v. Bullock,* 118 Ga. App. 186 (162 SE2d 886) (1968); *Henry v. Mann,* 134 Ga. App. 522 (215 SE2d 286) (1975). In such a case, the suit in DeKalb County cannot be regarded as void ab initio. The filing of the suit tolled the statute of limitation for the purposes of Code Ann.

§ 3-808. *Atlanta, Knoxville &c. Co. v. Wilson,* 119 Ga. 781, 786 (47 SE 366) (1904). The statute did not begin to run again until the nonresident defendants were dismissed. Plaintiff could then properly renew his action in Baker County under Code Ann. § 3-808 within six months from the dismissal of the suit in DeKalb County. *Moore v. Tootle,* supra; *Covil v. Stansell,* 113 Ga. App. 179 (147 SE2d 479) (1966).

2. After ruling that the case was not barred by the statute of limitation, the trial court granted summary judgment in favor of the defendants on the merits of the case. Brooks appeals from that judgment.

Brooks alleged negligence on the part of the defendants in the operation, design and manufacture of the tractor involved in the collision. He stated that he was blinded by bright white lights on the tractor operated by defendant Douglas, but that he (Brooks) immediately slowed down and pulled over to the right side of the road. The defendants contend that the sole proximate cause of the collision was Brooks' failure to exercise ordinary care when he ran into the tractor. The trial court found, as a matter of law, that Brooks was guilty of gross negligence in the operation of his vehicle. However, negligence is a question of fact, to be determined by a jury.

The trial court relied on *Davis v. Akridge,* 199 Ga. 867, 868 (36 SE2d 102) (1945), which held: "The testimony of a party who offers himself as a witness in his own behalf is to be construed most strongly against him when it is self-contradictory, vague, or equivocal. [Cits.] And he is not entitled to a finding in his favor if that version of his testimony the most unfavorable to him shows that the verdict should be against him." However, *Davis* was not decided on a motion for summary judgment, but after a trial of the case, and thus, is not applicable here.

Where a party to a case, upon whom the burden of proof upon the trial of the case does not lie, makes a motion for summary judgment, all of the evidence adduced on said motion, including the testimony of the party opposing the motion, is construed most strongly against the movant. *Burnette Ford, Inc. v. Hayes,* 227 Ga. 551, 552 (181 SE2d 866) (1971). See also *Lansky v. Goldstein,* supra; *Colonial Stores, Inc. v. Turner,* 117 Ga. App. 331 (160 SE2d 672) (1968); *Ham v. Ham,* 230 Ga. 43, 45 (195 SE2d 429) (1973). But where a party is intentionally or deliberately self-contradictory, the court may be justified in taking against him that version of his testimony which is most unfavorable to him. *Chambers v. Citizens &c. Nat. Bank,* 242 Ga. 498, 502 (249 SE2d 214) (1978).

The record does not disclose an intentional or deliberate attempt by the plaintiff to confuse or mislead the court. Upon consideration of the record and the order of the trial court, it appears that the plaintiff offered inconsistent testimony in his affidavits and depositions. Such inconsistencies may weaken plaintiff's case at trial but do not, as a matter of law, entitle defendant to summary judgment. The Supreme Court in *Chambers,* supra, applied the strict rule regarding intentional or deliberate self-contradictions and resolved the conflicts in the plaintiff's testimony against him, where the plaintiff deliberately testified to his insolvency during a stated period of time on one occasion, and later testified that he was not insolvent during that same period. The fact of his insolvency was verified by other evidence so it was clear the plaintiff was deliberately contradicting his former testimony and no genuine issue of material fact remained.

In the instant case the plaintiff's testimony as to what he did prior to colliding with the tractor is not wholly consistent on every occasion. However, the inconsistencies in his testimony, even if resolved against him, do not eliminate all factual issues in the case. Several issues of material fact remain, such as whether the action taken by plaintiff when "blinded" by the bright lights was reasonable under the circumstances; whether the defendant Douglas negligently operated the tractor with the bright lights on; whether the defendant Deere & Company negligently manufactured the tractor with said lights. The trial court foreclosed any deliberation by the jury on these issues in its decision.

Questions of negligence, including the related issues of assumption of risk, lack of ordinary care for one's own safety, lack of ordinary care in avoiding the consequences of another's negligence and comparative negligence, are not ordinarily susceptible of summary adjudication whether for or against the plaintiff or the defendant, but must be resolved by a jury. *Shuman Supply of Savannah v. Skinner,* 128 Ga. App. 431, 433 (197 SE2d 152) (1973); *Hanchey v. Hart,* 120 Ga. App. 677, 680 (171 SE2d 918) (1969); *Wakefield v. A. R. Winter Co.,* 121 Ga. App. 259, 260 (174 SE2d 178) (1970).

One who recklessly tests an observed and clearly obvious peril is guilty of lack of ordinary care. In plain and palpable cases, it will be so held as a matter of law; otherwise, questions as to such negligence as well as other questions of negligence by the parties, and as to the proximate cause of the injury, present issues for the jury. *North DeKalb Little League v. Holland,* 119 Ga. App. 439, 440 (168 SE2d 169) (1969); *Carroll Elec. Membership Corp. v. Simpson,*

106 Ga. App. 29 (126 SE2d 310) (1962); *Laseter v. Clark,* 54 Ga. App. 669, 670 (189 SE 265) (1936). In order for the court to rule as a matter of law that plaintiff's alleged contributory negligence is the proximate cause of the collision, the observed approaching danger must be so near or rapid in approach as to render the act of the plaintiff a manifestly foolhardy act, such as would not be undertaken by an ordinarily prudent person. *Laseter,* supra, 670. It cannot be said that the acts of the plaintiff in slowing down and moving on to the shoulder of the road when "blinded" by what appeared to be a vehicle approaching him from the other direction was a manifestly foolhardy act. This is not a plain or palpable case of negligence on the part of the plaintiff. This issue, as well as other issues of negligence in the case should have been left to the jury.

*Judgment reversed in Case No. 58866; affirmed in Cases Nos. 58867 and 58868. Banke, J., concurs. McMurray, P. J., concurs in the judgments only.*

ARGUED OCTOBER 30, 1979 — DECIDED MARCH 19, 1980.

*Jesse G. Bowles, III, L. Earl Jones,* for appellant (Case No. 58866).

*Edmund A. Landau, Jr., Frank S. Twitty, Sr., Joseph W. Crooks,* for appellees.

*Joseph W. Crooks, Edmund A. Landau, Jr.,* for appellant (Case No. 58867).

*Jesse G. Bowles, III, L. Earl Jones, Frank S. Twitty, Sr.,* for appellees.

*Frank S. Twitty, Sr.,* for appellant (Case No. 58868).

*Jesse G. Bowles, III, L. Earl Jones, Edmund A. Landau, Jr.,* for appellees.