62082. EVANS v. MONTGOMERY ELEVATOR COMPANY et al.

POPE, Judge.

Plaintiff-appellant Golden Evans was injured while shopping at Gayfer's Department Store (Gayfer's) in Columbus as a result of a malfunctioning escalator manufactured, designed and maintained by appellee Montgomery Elevator Company (Montgomery). Her negligence suit against these defendants was brought in Muscogee County, where the alleged tort occurred. Both corporations were licensed to do business in the State of Georgia and both transacted

business in Muscogee County, but only Gayfer's maintained an "office" within the county as defined by *Scott v. Atlanta Dairies Cooperative,* 239 Ga. 721 (1) (238 SE2d 340) (1977); Code Ann. § 22-404 (d). Both defendants were properly served. Montgomery failed to file an answer or other defensive pleadings and on September 19, 1980 a default judgment was entered against it on the issue of liability. On December 5, 1980 Gayfer's was voluntarily dismissed without prejudice. Three days later, Montgomery filed a motion to dismiss the action on the ground that Gayfer's was the only resident defendant and since it had been dismissed, the trial court was without jurisdiction over Montgomery, the nonresident defendant. Montgomery also filed a motion to set aside the default judgment against it based upon the same ground. This appeal is from the order of the trial court granting both motions.

It has long been "well settled law in this State, that where suit is brought against two defendants, one of whom resides in the county, the court has no jurisdiction of the non-resident defendant unless the resident codefendant is liable in the action." *Ross v. Battle,* 117 Ga. 877, 880 (45 SE 252) (1903); *Brooks v. Douglas,* 154 Ga. App. 54 (1) (267 SE2d 495) (1980). Appellant, however, insists that the admission of liability arising from the nonresident defendant's failure to answer in this case constituted an admission of jurisdiction resulting in a waiver under Code Ann. § 81A-112(h)(1) of the defenses of lack of jurisdiction and improper venue. We do not agree.

Appellant's argument ignores the fact that the defense of improper venue did not exist until Gayfer's, the resident defendant, was dismissed; at the time Montgomery failed to file its answer, jurisdiction and venue over it were proper. "It is obvious that one can not waive a defense under CPA § 12(h)(1) which does not exist at the time responsive pleadings are required. Furthermore, in 1974, the legislature amended CPA § 60(d) (Ga. L. 1974, p. 1138) [Code Ann. § 81A-160(d)] by adding 'a motion to set aside shall also lie to attack a judgment based upon lack of jurisdiction over the person or subject matter, regardless of whether such lack of jurisdiction appears upon the face of the record or pleadings.' The effect of this amendment is to prevent waiver of the defense of lack of jurisdiction under CPA 12(h)(1) by allowing it to be raised in a motion to set aside under CPA § 60(d)." *Phillips v. Williams,* 137 Ga. App. 578, 580 (224 SE2d 515) (1976). See also *Fosgate v. American Mut. Liab. Ins. Co.,* 154 Ga. App. 510 (1) (268 SE2d 780) (1980).

Case law prior to the enactment of the Civil Practice Act held that "a nonresident defendant, even if in default, will not be subject to a final judgment until it is shown that the resident defendant is also liable," and the CPA provisions have wrought no change. *Woods v.*

*Long Manufacturing,* 150 Ga. App. 499 (258 SE2d 592) (1979), cert. held improvidently granted, 245 Ga. 162 (264 SE2d 230) (1980). "Therefore, the default of the nonresident [defendant], which otherwise would have constituted a waiver of the defenses specified in Code Ann. § 81A-112(h) (1), [Cits.], was irrelevant to the issue of jurisdiction of the nonresident [defendant], and would not estop [it] from asserting the fact of [its] nonresidency in the event of a judgment in favor of [or dismissing] the resident defendant." *Lansky v. Goldstein,* 136 Ga. App. 607, 608 (222 SE2d 62) (1975).

Since the fact of Montgomery's nonresidency was affirmatively established through affidavits admitted and considered without objection, the trial court correctly granted its motions to dismiss and to set aside the default judgment on the issue of liability.

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 7, 1981.

*F. H. Pugh,* for appellant.
*Richard A. Marchetti, Glenn Frick, R. Daniel McGinnis,* for appellees.