39099. DEERE & COMPANY v. BROOKS et al.

MARSHALL, Presiding Justice.

We granted certiorari in this product-liability case to determine whether, as held by the Court of Appeals, the trial court's charge to the jury on the issue of assumption of risk was error. *Brooks v. Douglas,* 163 Ga. App. 224 (292 SE2d 911) (1982). We conclude that it was not. We therefore reverse the judgment of the Court of Appeals.

The evidence shows that on March 5, 1973, the plaintiff, Brooks, was driving his automobile in a westerly direction on Ga. Hwy. 216. After traversing the crest of a hill, his automobile collided with the rear end of a tractor driven by defendant Douglas and manufactured by defendant Deere & Company. The plaintiff sued Douglas on a negligence theory, and Deere & Company was sued by the plaintiff on negligence and product-liability theories. As to his product-liability claim, the plaintiff alleges that there was a defective design and manufacture of the tractor's rear-end lighting system, as well as a slow-moving-vehicle safety emblem located on the rear of the tractor.

The plaintiff testified at trial that as he approached the tractor from the rear, he encountered the "whitest piercing bright light that I had ever encountered in over 40 years of driving." The assumption-of-risk defense is based on the plaintiff's own testimony that he saw the lights of the tractor when he was over 1,000 feet away and did not apply his brakes until he was at the tractor. A highway

patrolman testified that the plaintiff had told him after the accident that he did not see any lights on the tractor. The defendants also produced the testimony of other witnesses that the lights on the tractor are not so bright as to be distracting and that, at the time of the accident, the tractor's brightest lights were not even turned on. It is also argued that the evidence shows that the alleged defects in the tractor's lighting system could not have been the proximate cause of the accident.

Initially, the superior court granted the defendants' motions for summary judgment on the ground that the plaintiff was guilty of gross negligence as a matter of law. In *Brooks v. Douglas,* 154 Ga. App. 54 (267 SE2d 495) (1980), the Court of Appeals reversed, holding that this is a jury question. At trial, the jury returned a verdict in favor of both defendants. On appeal, the Court of Appeals affirmed as to defendant Douglas, but reversed as to defendant Deere & Company.

As to both the negligence and product-liability counts of the plaintiff's complaint, the trial judge charged the jury: "When a person knowingly and voluntarily takes a risk of physical injury, the danger of which is so obvious that the taking of such a risk, in and of itself, amounts to a failure to exercise ordinary care and diligence for his own safety, he cannot hold another liable for injuries proximately caused by such action even though the injuries may be in part attributable to the negligence of such other person." The Court of Appeals held that this is an incorrect statement of law applicable to a product-liability case. As authority, the Court of Appeals cited product-liability cases of this court in which it was held: " ' "If the user or consumer discovers the defect and is aware of the danger, but nevertheless proceeds unreasonably to make use of the product, he is barred from recovery." 63 AmJur2d 155, § 150.' " *Ford Motor Co. v. Lee,* 237 Ga. 554, 555 (229 SE2d 379) (1976); *Center Chemical Co. v. Parzini,* 234 Ga. 868, 870 (218 SE2d 580) (1975).

1. "Notwithstanding some judicial language indicating the contrary, the case law generally is in accord with the Restatement of Torts in holding that contributory negligence is not a defense to a claim of strict liability for product-caused harm. Under this rule, it is held that strict liability recovery is not barred by evidence of nothing more than that the injured person failed to discover a defect in the product which injured him. Similarly, contributory negligence consisting of a careless act by the injured person with respect to the product is no defense, where the actual cause of the injury arises from an unanticipated defect in the product itself, and not from the careless act of the plaintiff.

"On the other hand, the cases, and the Restatement, are agreed that strict liability recovery is barred by evidence establishing

assumption of risk. Under this rule, it is held that if the user or consumer discovers the defect and is aware of the danger, but nevertheless proceeds unreasonably to make use of the product, he is barred from recovery." 63 AmJur2d, supra, at pp. 154-155.

2. "There are at least four different theories under which a defendant may assert that a plaintiff's own conduct precludes him from being able to hold the defendant strictly liable in tort: (1) that the plaintiff negligently failed to discover the defective condition of the defendant's product or to guard against the possibility of its existence; (2) that the plaintiff assumed the risk of the injuries or damages which he sustained, by voluntarily and unreasonably proceeding to encounter a known danger; (3) that the plaintiff's misuse of the defendant's product, rather than any defect in the product, caused the plaintiff's injuries or damages; (4) that the plaintiff's misuse of the defendant's product concurred with the defectiveness of the product to cause the plaintiff's injuries or damages. Also, the defendant may assert that the plaintiff was negligent in some specified manner other than failing to discover or guard against a defect, assuming the risk, or misusing the product, and that such negligence was a substantial, proximate cause of the plaintiff's injuries or damages.

"According to the little authority which exists, it appears that in a strict liability case, the first of these theories, sometimes referred to as 'contributory negligence,' is not a valid defense, but the second theory, referred to as 'assumption of risk,' is a valid defense." Annotation, Products Liability: Strict Liability In Tort, 13 ALR3d 1057, 1101.

3. Under Georgia's product-liability statute, OCGA § 51-1-11 (Code Ann. § 105-106), the class of protected plaintiffs includes "any natural person who may . . . reasonably be affected by the property," as well as direct users and consumers. See *Center Chemical Co. v. Parzini,* supra. In this case, the plaintiff was not a direct user or consumer of the product alleged to be defective.

Under the facts of this case, the defendants' defenses to the plaintiff's product-liability claim are: (1) that any defect in the tractor's lighting system was not the cause of the accident, and (2) that the plaintiff himself caused the accident by his knowing failure to brake for the slowly moving vehicle. Under these facts, it cannot be said that the trial judge committed error in charging the jury that the plaintiff is barred from recovery if he knowingly and voluntarily risked the injuries he suffered. This was a charge on assumption of risk, and it was authorized by the evidence in this case.

*Judgment reversed. All the Justices concur, except Clarke, Smith and Gregory, JJ., who dissent.*

Decided January 25, 1983 —
Rehearing denied February 16, 1983.

*Edmund A. Landau, Jr.,* for appellant.
*Jesse G. Bowles III, Jack G. Slover, Jr.,* for appellees.

Clarke, Justice, dissenting.

Assumption of risk is a defense which the law makes available to parties alleged to have been guilty of negligence. I do not think that assumption of risk is applicable in a suit in which the claim is based upon strict liability. The defense in this case has to do with causation and not with assumption of risk. For this reason I believe that the court erred in charging assumption of risk and that the Court of Appeals opinion should be affirmed.

I am authorized to state that Justice Smith joins in this dissent.

### On Motion for Rehearing.
### Addendum

The appellee files a motion for rehearing, arguing that the majority opinion creates distortions in the law of product liability by holding that a plaintiff may assume the risk of a product defect of which he had no prior knowledge and by establishing a different standard for product-liability plaintiffs who are direct users and consumers of the product and those who are not. We write this addendum in order to clarify our holdings in the majority opinion and demonstrate that the majority opinion does not have the untoward effects suggested by the appellee.

The rule, as clearly established by the citations of authority in the majority opinion, is that the defense of assumption of risk, although not the defense of contributory negligence, is applicable in a product-liability case. What the trial judge charged the jury here was that the plaintiff could not hold the defendant liable for his injuries if he knowingly and voluntarily risked the injuries, not that the plaintiff was barred from recovery if he knowingly and voluntarily risked the alleged product defect. As we see it, there are really two forms of assumption of risk: (1) assumption of risk of the product defect, and (2) assumption of risk of the physical injuries incurred. In most product-liability cases, the manufacturer's defense will be that the plaintiff assumed the risk that the defect in the product would produce the injury sustained by using it with actual knowledge of the defect. In an automobile-tractor collision case such as this, where the plaintiff is not the driver of the tractor alleged to have a defect, we see no reason why the defendant cannot have a defense that the plaintiff

assumed the risk of the collision by failing to avoid it and that any defect in the tractor was not the proximate cause of the collision. Thus, the defendant Deere has two interrelated defenses, and we cannot say that the trial judge's charging the jury on one defense but not the other created such error as to require the reversal of a verdict in favor of the defendant.

*Motion for rehearing denied. All the Justices concur, except Clarke, Smith and Gregory, JJ., who dissent.*