65396. RUSSELL v. HALL.

McMURRAY, Presiding Judge.
In this appeal we are concerned with jurisdiction and venue of a non-resident defendant who was jointly sued as a joint tortfeasor with a resident defendant in a negligence case involving a collision of automobiles. A default judgment was rendered against her in which the court held the negligent operation of her vehicle was the sole and

proximate cause of the damage sustained by the plaintiff. The facts of the case are as follows:

Jerry Lee Hall, the plaintiff, sued Veada H. Russell and American Freight System, Inc. for negligence arising out of a collision involving three motor vehicles alleging the negligence of one or both of the defendants constituted the sole and proximate cause of damages to plaintiff's automobile. Judgment was sought jointly and severally against the two defendants, and both were alleged to be residents of Fulton County, Georgia (the suit instituted in the State Court of Fulton County). Diligent search was made with reference to defendant Russell, but she was not found to be within the jurisdiction of the State Court of Fulton County. She was thereafter properly served by second original at her residence in DeKalb County, Georgia. The corporate defendant answered, but the defendant Russell failed to answer the suit.

The case came on for trial and after hearing evidence the trial court determined (without a jury) that the defendant Russell's negligent operation of her vehicle was the sole and proximate cause of the damage sustained by the plaintiff and rendered judgment against her. Immediately on the same date, either on or before trial, the plaintiff dismissed the case against the corporate defendant.

Whereupon, the defendant Russell moved to vacate and set aside the judgment based upon her affidavits of non-residence in Fulton County and that she was a resident of DeKalb County at all times both before and after this action was filed against her. The basis for her motion was that the action having terminated in favor of the co-defendant she had not waived the defense of venue or personal jurisdiction, and the judgment against her as a non-resident was void in that the court lost jurisdiction of her when there was no finding against the resident defendant. After a hearing the motion was denied and defendant appeals. *Held:*

It has long been the law of this state that where suit is brought against two defendants as joint tortfeasors one of whom resides in the county, the court has no jurisdiction of the non-resident defendant unless the resident co-defendant is liable in the action. See *Evans v. Montgomery Elevator Co.,* 159 Ga. App. 834, 835, 836 (285 SE2d 263), and cases cited therein. In *Evans v. Montgomery Elevator Co.,* supra, this court set forth that even though a non-resident defendant is in default, a non-resident defendant will not be subject to a final judgment until it is shown that the resident defendant is also liable, citing *Woods v. Long Mfg.,* 150 Ga. App. 499, 500 (258 SE2d 592). Hence, the default of the non-resident defendant, which would otherwise have constituted a waiver of various defenses, did not estop the non-resident defendant from asserting the fact of non-residency

in the event of judgment in favor of or dismissal of the resident defendant, citing *Lansky v. Goldstein,* 136 Ga. App. 607, 608 (2) (222 SE2d 62). The case sub judice is, therefore controlled adversely to the plaintiff by this recent decision in *Evans v. Montgomery Elevator Co.,* 159 Ga. App. 834, 836, supra, and cases cited. The trial court erred in denying defendant's motion to vacate and set aside the judgment and in determining that it retained jurisdiction over the non-resident defendant after the only resident defendant was dismissed. Under this decision it is unnecessary for us to consider the remaining enumeration of error that the resident defendant, which was dismissed, had standing to object to this defendant's motion to vacate and set aside the judgment.

*Judgment reversed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 25, 1983.

*Paul J. Stalcup,* for appellant.

*Harris Bullock, E. Kendrick Smith, John L. Latham,* for appellee.