**Joan B. GILL and Neil H. Gill, Plaintiffs-Appellants,**

v.

**WESTINGHOUSE ELECTRIC CORPORATION, Defendant-Appellee and Third-Party Plaintiff,**

v.

**Danny Eugene HELMS, Third-Party Defendant.**

**No. 83–8151**
**Non-Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Sept. 16, 1983.

Thomas W. Thrash, Atlanta, Ga., for plaintiffs-appellants.

Lawrence S. Burnat, David H. Flint, Atlanta, Ga., for Westinghouse Elec. Corp.

Before FAY, VANCE and KRAVITCH, Circuit Judges.

## PER CURIAM:

The plaintiffs in this diversity action, Neil and Joan Gill, appeal from a jury verdict in favor of appellee Westinghouse Electric Corporation returned in the United States District Court for the Northern District of Georgia on November 9, 1982. The plaintiffs allege that Neil Gill suffered severe physical injuries in a motorcycle accident on June 15, 1980 as a result of a defective tail light bulb which had been manufactured by Westinghouse and installed in a truck that plaintiff Gill was following along the highway. Appellants contend that the district court erroneously instructed the jury on the law of assumption of risk and following too closely and seek review of the trial judge's decision to admit into evidence a discovery deposition taken from an expert witness who died prior to trial. We conclude that all of the arguments advanced by appellants are without merit and therefore affirm.

■ Appellants' first contention is that the trial judge committed error in charging the jury on the law of assumption of risk. They argue that assumption of risk is available as a defense in a products liability case only if the plaintiff was aware that the product was defective but nevertheless continued to use it. As appellee correctly points out, however, the Georgia Supreme Court's decision in *Deere & Co. v. Brooks,* 250 Ga. 517, 299 S.E.2d 704 (1983) expressly recognized that "there are really two forms of assumption of risk: (1) assumption of risk of the product defect, and (2) assumption of risk of the physical injuries incurred." 299 S.E.2d at 707. *Deere* and the present case—which present strikingly similar instances of tailgating—both fall into the second category. In *Deere,* the plaintiff claimed that he ran into the back of a tractor manufactured by the defendant because he had been blinded by its glaring tail lights. The *Deere* court noted that "[i]n an automobile-tractor collision case such as this, where the plaintiff is not the driver of the tractor alleged to have a defect, we see no reason why the defendant [manufacturer] cannot have a defense that the plaintiff assumed the risk of the collision by failing to avoid it and that any defect in the tractor was not the proximate cause of the collision." *Id.* The *Deere* court therefore approved the charge given by the trial judge on assumption of risk, which was virtually identical to the instructions challenged by the appellants in the present case. In view of this recent pronouncement from an authoritative court, appellants' contentions must be rejected.

Appellants also challenge the trial judge's decision to instruct the jury on the law of following too closely, contending that this constituted a charge on contributory negligence, which is not a defense to a products liability action under Georgia law. *See Deere,* 299 S.E.2d at 707. The *Restatement (Second) of Torts* describes the assumption of risk defense as a "form" of contributory negligence, § 402A comment n (1965), and the distinction between the two defenses is often difficult to draw. In *Deere,* however, the Georgia Supreme Court quoted with approval a commentator's definition of an assumption of risk defense as one " 'that the plaintiff assumed the risk of the injuries or damages which he sustained, by voluntarily and unreasonably proceeding to encounter a known danger,' " while a contributory negligence defense was defined as one asserting " 'that the plaintiff negligently failed to discover the defective condition of the defendant's product or to guard against the possibility of its existence.' " *Deere,* 299 S.E.2d at 706 (quoting Annot., 13 A.L.R.3d 1057, 1101 (1967)). There was no suggestion in this case that the plaintiff should have known that the truck's tail lights were burned out, or that he should have been taking special precautions to guard against the possibility of such a defect. Instead, the issue was simply whether the plaintiff, by following the truck too closely, was exposing himself to known dangers that would have existed regardless whether the tail light was functional. The charge on following too closely was therefore relevant to Westinghouse's defenses of assumption of risk and proximate cause, and is accordingly proper under Georgia law.

Appellants' final claim is that the trial court should not have permitted Westinghouse to introduce into evidence the discovery deposition of an expert witness who died prior to trial. Although appellants concede that the fifth circuit's decision in *Savoie v. Lafourche Boat Rentals, Inc.,* 627 F.2d 722, 724 (5th Cir.1980) permits discovery depositions to be introduced into evidence when the requirements of Fed.R. Civ.P. 32(a)(3) are met, they argue that this approach fails to recognize the exploratory character of pretrial discovery and should be reconsidered. This panel does not have the authority to overrule binding precedent. Even if we had such authority we would decline to exercise it here. *Savoie* and earlier fifth circuit cases such as *Wright Root Beer Co. v. Dr. Pepper Co.,* 414 F.2d 887 (5th Cir.1969) recognize that pretrial depositions are not only intended as a means of discovery, but also serve to preserve relevant testimony that might otherwise be unavailable for trial. Thus, Rule 32(a)(3)(A) expressly provides that "the deposition of a witness ... may be used by any party for any purpose if the court finds: (A) that the witness is dead ...." In view of these considerations, we see no basis for criticism of the fifth circuit's earlier decisions in *Savoie* and *Wright Root Beer.*

AFFIRMED.