[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13398
_____

D.C. 7:13-cv-00091-HL


JOSE HERNANDEZ,
PRISCILLA HERNANDEZ,

Plaintiffs-Appellants,

versus

CROWN EQUIPMENT CORPORATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(May 3, 2016)

Before WILLIAM PRYOR, ANDERSON and PARKER,* Circuit Judges

_____
* Honorable Barrington D. Parker, Jr., United States Circuit Judge for the Second Circuit, sitting
by designation.

PER CURIAM:

After oral argument and careful review of the briefs and record, we conclude that the judgment of the district court should be affirmed. The jury's verdict – that the product of Defendant-Appellee Crown Equipment Corporation (the "Company") was not defective – is supported by overwhelming evidence. Plaintiffs' own expert, Thomas Berry, conceded that no manufacturer, no government authority, and no standards organization had supported his proposed design. The Occupational Safety and Health Administration's ("OSHA") regulation supported the Company's design, and the agency wrote a letter to Berry expressly rejecting his proposed design. Similarly, the American National Standards Institute/American Society of Mechanical Engineers ("ANSI/AMSE") has promulgated a standard consistent with the Company's design and inconsistent with Berry's. The same is true with respect to the National Institute for Occupational Safety and Health ("NIOSH"), and indeed the record contains evidence that this organization also has expressly rejected Berry's preferred design. We turn now to briefly discuss each of the Appellants' arguments on appeal.

First, Appellants challenge as inadmissible hearsay Defendant's Exhibit 22 – the preamble to the OSHA regulation – which the district court admitted into evidence over their objection. Although Appellants concede that those portions of the exhibit which merely quote or paraphrase the actual OSHA regulation were

2

admissible, Appellants argue that other portions of the preamble were inadmissible hearsay.  We need not resolve the dispute between the parties as to whether or not the preamble is part of the regulation, or the significance thereof.  The crucial information conveyed to the jury by this exhibit was the clearly admissible substance of the regulation itself – i.e., that the OSHA standard provided for operators to step backward off of the forklift in the event of a tip-over or an off-the-dock accident.  The jury also heard from live witnesses that OSHA had expressly rejected the alternate design (enclosing the compartment with a door) proposed by Berry.  The jury also knew that OSHA had written a letter to Berry rejecting his alternate design and explaining why the open compartment was preferable from a safety standpoint.  The jury also heard from an expert witness that OSHA's standard in effect endorsed ANSI/ASME Rule B56.1, which expressly required an open compartment for this forklift to permit easy ingress and egress so that, in the event of a tip-over or off-the-dock accident, the operator could step off and away from the truck.  In light of the fact that the crucial information from Defendant's Exhibit 22 was properly before the jury, and in light of our careful review of the entirety of the evidence, we cannot conclude that the portions of this exhibit to which Appellants point on appeal as inadmissible had any adverse effect on the Appellants' substantial rights.

3

We turn next to Appellants' argument that the district court erroneously admitted the actual documents and videos reporting the various tests and studies undertaken or commissioned by the company in developing (or continuing) its design of the forklift with an open compartment. Appellants argue that the documents are inadmissible hearsay. First, it is not entirely clear under Georgia law that the documents are inadmissible. Although not admissible to prove the truth of these test results, they may well have been admissible to show that the Company made reasonable efforts to create a safe design. Second, the crucial aspects of the test results were included in the testimony of expert witnesses who testified at trial and relied upon the tests to support their expert opinions. Finally, even if the admission of the tests and studies was error, because the crucial aspects of the test results were properly before the jury from the testimony of the witnesses, we do not believe that the mere additional presence of the documents themselves had any substantial adverse effect. Similarly, our review of the record persuades us that any aspects of the test not actually included in the testimony of the witnesses had no substantial adverse effect. Accordingly, we reject Appellants' challenges based on the several tests and studies relied upon by the Company's experts.

Next, Appellants argue that the district court improperly excluded two tests performed and relied upon by Appellants' expert, Berry. The district court

4

excluded those tests pursuant to <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579, 597, 113 S. Ct. 2786, 2799 (1993), after a hearing at which several experts, including Berry, testified.  We cannot conclude that the district court abused its discretion in concluding that the tests were insufficiently realistic to be reliable.  By contrast, the tests relied upon by the Company's experts (which the district court admitted) were published and peer reviewed, and their use of anthropomorphic dummies was an accepted methodology for evaluating injury potential.

Appellants also challenge the district court's decision not to allow Berry to answer a particular question which attempted to elicit Berry's opinion as to whether the Company's product was defective.  The Company objected to the question, and the district court sustained the objection on the grounds of Federal Rule of Evidence 704.  We need not address the law of evidence with respect to the ultimate issue.  <u>See</u> Fed.R.Evid. 704; <u>see also</u> commentary thereto. Even assuming error, there was no harmful effect on Appellants' substantial rights because numerous other questions and answers were admitted which clearly articulated Berry's opinion regarding the challenged question.

Finally, Appellants argue that the district court erred in declining their request to instruct the jury that contributory negligence is not a defense to a products liability claim.  Under Georgia law, contributory negligence is not a

5

defense to a products liability claim, though the plaintiff must still prove that the defect caused his injury.  Deere & Co. v. Brooks, 250 Ga. 517, 518, 299 S.E.2d 704, 706 (1983) ("[C]ontributory negligence consisting of a careless act by the injured person with respect to the product is no defense, where the actual cause of the injury arises from an unanticipated defect in the product itself, and not from the careless act of the plaintiff.").  Although Appellants suggest that the evidence before the jury that an operator could have avoided this kind of injury might have been admissible as relevant to causation, Appellants argue that that same evidence also tended to show contributory negligence and that thus the requested instruction was appropriate.  We need not address the viability of Appellants' suggestions or whether the requested instruction was appropriate.  The district court's instructions clearly separated for the jury the issues of defect vel non on the one hand, and causation, on the other.  The instructions and verdict form clearly instructed the jury to address the causation issue only if they found that the product was defective.  Because the jury found no defect, the jury never reached the causation issue.  Therefore, a failure to instruct with respect to the causation issue could not have adversely affected Appellants' substantial rights.

For the foregoing reasons, the judgment of the district court is
    AFFIRMED.

6